Argued May 18, affirmed June 10, petition for rehearing denied
June 29, petition for review denied August 10, 1971

STATE OF OREGON, *Respondent, v.* DENNIS
FRAILEY and GALE R. LEWALLEN,
*Appellants.*

485 P2d 1126

*Melvin L. Walter,* Ontario, argued the cause for

appellants. With him on the brief were Taggart & Walter, Ontario.

*Jacob B. Tanzer,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

SCHWAB, C. J.

Defendants were convicted of entering a motor vehicle with intent to steal in violation of ORS 164.330. On appeal they contend that the arrest of Lewallen was without probable cause and that for this reason physical evidence seized from Lewallen and statements subsequently made by both defendants were inadmissible. This contention has no merit.

Officer Thode and Sergeant Willis of the Ontario Police Department noticed the defendants coming out of a restaurant at 11:30 p.m. on April 9, 1970. An hour later they saw the defendants, driving a maroon Chrysler, making a wide turn in downtown Ontario.

At 2 a.m., Officer Thode was on a routine patrol in a residential area of Ontario. As he approached an intersection he observed defendant Lewallen in the middle of the street. Officer Thode turned his spotlight on defendant and saw that he was carrying tire tools, a tire jack and some white objects which the officer believed to be stereo tape cartridges. When Lewallen was spotlighted he "took off at a slow run," dropping the jack on the sidewalk and, without stopping to retrieve it, hid behind some bushes. The officer drove close to the bushes, heard some objects clattering, and yelled from the car for defendant not

to move. The officer, then observing several car stereo tape cartridges and two tire tools on the ground, placed Lewallen under arrest. Lewallen was told that he was under arrest for disorderly conduct although the officer testified that at the time of the arrest he believed defendant "probably had broken into a car someplace and stolen the stereo tapes * * *."

Just after the arrest of Lewallen, Sergeant Willis arrived and the two officers walked to the corner to get the tire jack defendant had dropped while running. They heard a vehicle start about a block and a half away and saw it proceed with its lights off. It was the same maroon Chrysler in which they had seen defendants earlier.

Sergeant Willis stopped the vehicle, which belonged to Lewallen. Defendant Frailey was driving. Sergeant Willis took Frailey to the police station. He was not formally placed under arrest until sometime after 4 a.m.

Later that morning defendant Lewallen made a taped confession. Frailey confessed to his part in the theft after hearing Lewallen's taped statement.

The tire tools, jacks, stereo tape casettes and confessions of the defendants were admitted into evidence over defendants' timely objections.

In *Peters v. New York,* 392 US 40, 88 S Ct 1912, 20 L Ed 2d 917 (1968), an off-duty policeman heard noises in his apartment house hallway. He looked through a peephole in the door and saw two men tiptoeing down the hall. When he opened the door to investigate they ran. The officer pursued and arrested one for suspicion of burglary. On appeal the defendant argued that there had not been probable cause to arrest him and therefore, burglary tools, discovered in his

jacket during the search accompanying his arrest, were inadmissible. The Supreme Court affirmed the conviction, saying:

"* * * It is difficult to conceive of stronger grounds for an arrest, short of actual eyewitness observation of criminal activity. As the trial court explicitly recognized, deliberately furtive actions and flight at the approach of strangers or law officers are strong indicia of *mens rea,* and when coupled with specific knowledge on the part of the officer relating the suspect to the evidence of crime, they are proper factors to be considered in the decision to make an arrest * * *." 392 US at 66-67.

*State v. Cloman,* 254 Or 1, 456 P2d 67 (1969), holds that the police need not be certain that a crime has been committed so long as they have a "reasonable suspicion" that a crime has occurred and that defendant committed it.

Defendants argue that arresting defendant Lewallen for disturbing the peace was a pretext to hold him in order to further investigate the suspected theft.

■ *State v. Keith,* 2 Or App 133, 137, 465 P2d 724, Sup Ct *review denied* (1970), holds that so long as probable cause for a felony arrest exists, at the time of the actual arrest, it makes no difference that the reason given by the police is a municipal ordinance violation.

*State v. Edwards,* 3 Or App 179, 471 P2d 843, Sup Ct *review denied* (1970), holds that where the officer has propable cause to arrest defendant for attempted burglary the arrest will not be vitiated because defendant was told he was being arrested for reckless driving.

■ Here, the totality of the circumstances—the lateness of the hour, the residential nature of the area, the flight, and the materials defendant was carrying—was sufficient to give police probable cause to arrest defendant Lewallen. The arrest was legal, and the evidence and statements flowing from it were admissible.

Affirmed.