IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
MAY SESSION, 1998

FILED

July 16, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | No. 01C01-9708-CC-00332 |
| **Appellee** | ) | |
| | ) | **FRANKLIN COUNTY** |
| **vs.** | ) | |
| | ) | **Hon. THOMAS W. GRAHAM, Judge** |
| **CHRIS W. FRAME,** | ) | |
| | ) | **(Evading Arrest)** |
| **Appellant** | ) | |

For the Appellant:

**Philip A. Condra**
Dist. Public Defender
P. O. Box 220
Jasper, TN 37347

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Janis L. Turner**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**James Michael Taylor**
District Attorney General

**William Copeland**
Asst. District Attorney General
324 Dinah Shore Blvd.
Winchester, TN 37398

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

**O P I N I O N**

The appellant, Chris W. Frame, appeals as of right his conviction for the class A misdemeanor of evading arrest. The appellant was originally charged with driving under the influence, third offense, and evading arrest. At the conclusion of the proof, a Franklin County jury found the appellant not guilty of driving under the influence but guilty of evading arrest. The trial court sentenced the appellant to 11 months 29 days with 90 days incarceration in the county jail followed by probation.

On appeal, the appellant first contends that the evidence is insufficient to support his conviction for evading arrest as a matter of law. Second, he contends that his sentence was not imposed in accordance with the law and that the trial court erred in failing to grant "immediate and outright probation" for the entirety of his sentence.

After review, we affirm.

**Background**

Reviewing the evidence in the light most favorable to the State, the proof established that, on the evening of September 4, 1995, Officer Troy Mann of the Winchester Police Department, while patrolling Lynchburg Highway, "observed a blue truck in my lane of travel or in the middle of the road." He activated his blue lights and turned around to follow the appellant's vehicle. After following the truck to the residence of Roger and Sheila Edwards, he saw the appellant emerge from the driver's side of the truck and "take off on foot." He saw no one else in or near the truck. Roger Edwards and his wife, Sheila, were standing at the front of the house. He then radioed for assistance. Sergeant Mike Doty, Investigator John Stewart, and Sergeant Mantooth responded to Mann's call. Upon arriving at the Edwards' residence, they began

2

searching for the appellant. Investigator Stewart located the appellant under the house. After receiving no response from his instruction that the appellant emerge from underneath the house, Investigator Stewart threatened to "gas" him if he did not come out. The appellant then crawled out from underneath the house. Investigator Stewart "got a hold of his arm and got him to his feet. He was obviously intoxicated . . . because . . . you could smell the alcohol . . . all over him, he was staggering." Stewart then handcuffed the appellant and Officer Mann placed him under arrest. The appellant refused to submit to a blood alcohol test.

Based upon the proof, the jury found the appellant guilty of evading arrest.

**Analysis**

I.  Sufficiency of the Evidence

The appellant contends that the evidence against him is insufficient as a matter of law to support his conviction of evading arrest. When an accused challenges the sufficiency of the evidence, an appellate court's standard of review is whether, after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324, 99 S.Ct. 2781, 2791-92 (1979); State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985, cert. denied, 475 U.S. 1031, 106 S.Ct. 1240 (1986)); Tenn. R. App. P. 13(e).

In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this court

substitute its inferences for those drawn by the trier of fact from the evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859, cert. denied, 352 U.S. 845, 77 S.Ct. 39 (1956); Farmer v. State, 574 S.W.2d 49, 51 (Tenn.Crim.App. 1978). On the contrary, this court must afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. Cabbage, 571 S.W.2d at 835.

The appellant's insufficient evidence claim is based upon the fact that the jury acquitted him of driving under the influence. Our law provides that a person is guilty of evading arrest if that person: (1) intentionally flee[s] from anyone the person knows to be a law enforcement officer and (2) knows the officer is attempting to arrest the person. Tenn. Code Ann. § 39-16-603(a)(1)(A) (1991). At trial, the appellant defended against the DUI charge upon grounds that he was not the driver of the truck.[1] Accordingly, he argues that, because the jury accredited the defense witnesses and found that he was not the driver, there was no way for him to have known that the police were attempting to arrest him.

The appellant's insufficiency argument that, because he was acquitted of DUI, he cannot, as a matter of law, be guilty of evading arrest is essentially an "inconsistent verdicts" argument and is misplaced. Inconsistent verdicts are permitted as long as there is sufficient evidence to permit a rational fact finder to find a defendant's guilt beyond a reasonable doubt on the charges on which the defendant was convicted. In Wiggins v. State, 498 S.W.2d 92, 93 (Tenn. 1973), our Supreme Court adopted the analysis of the United States Supreme Court in Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189 (1932), and held that "consistency between verdicts on separate counts of an indictment is not necessary," because "each count of an indictment is to be

---

[1]The appellant did not testify at trial. However, his friends, Roger Edwards and wife, Shelia Edwards, testified that, when the truck drove into their yard followed by the police, there were three individuals in the truck and that Jerry Majors, not the appellant, was driving. The alleged driver, Majors, the nephew of Ms. Edwards and a resident of "somewhere in Georgia," did not testify.

4

regarded as a separate indictment" and must be individually supported by the evidence. Thus, our analysis returns to the question of whether the elements of the offense of evading arrest have been proven beyond a reasonable doubt.

At trial, the jury heard Officer Mann testify that he saw a truck being driven in an erratic manner on a public highway. The proof further established that Officer Mann pursued the truck, with "blue lights" on, into the Edwards' driveway. Upon entering the Edwards' property, the officer testified that he saw the appellant, who was driving, open the door and flee from the truck. These facts are sufficient for a rational trier of fact to have found the appellant guilty of evading arrest beyond a reasonable doubt. Tenn. R. App. 13(e). This issue is without merit.

In a somewhat related subissue of his insufficiency argument, the appellant contends that the officer, upon entering the Edwards' property, "certainly did not have sufficient facts upon which a warrantless arrest would have been proper." In Tennessee, it is clear that an officer may make a valid warrantless misdemeanor arrest for a public offense committed or a breach of the peace threatened in his presence. See Tenn. Code Ann. § 40-7-103(1) (1995 Supp.); State v. Duer, 616 S.W.2d 614, 616 (Tenn. Crim. App. 1981). Again, reviewing the testimony in the light most favorable to the State, Officer Mann testified that he personally observed a truck driving on the centerline of the highway. After activating his blue lights, the officer observed the appellant get out of the truck and flee on foot. After the appellant emerged from underneath the house, the officer concluded that the appellant was intoxicated. These facts and circumstances, as observed by the officer, would have justified an arrest for both DUI and evading arrest. Tenn. R. App. 13(e). This issue is without merit.

## II. Sentencing

The appellant next contends that the trial court imposed an excessive sentence.

Specifically, the appellant argues that the trial court did not follow the principles, purpose and goals of the Sentencing Act, when it imposed a sentence of 11 months 29 days with 90 days to be served in the county jail, followed by probation. Rather, the appellant asserts that he should have received "immediate and outright probation."

When an appellant complains of his sentence on appeal, this court conducts a *de novo* review coupled with a presumption that the trial court's sentencing determinations are correct. Tenn. Code Ann. § 40-35-210(d) (1995 Supp.). However, this presumption is conditioned upon an affirmative showing that the trial court considered the relevant sentencing principles and all pertinent facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Regardless of whether the presumption of correctness is applied, the burden of showing the impropriety of the sentence is on the appealing party. Sentencing Commission Comments, Tenn. Code Ann. § 40-35-401.

Misdemeanor sentencing is governed by Tenn. Code Ann. § 40-35-302 (1995 Supp.). Although otherwise entitled to the same considerations under the Sentencing Reform Act of 1989, unlike a felon, a misdemeanant is not entitled to the presumption of a minimum sentence. See State v. Seaton, 914 S.W.2d 129, 133 (Tenn. Crim. App. 1995) (citation omitted); State v. Warren, No. 01C01-9605-CC-00218 (Tenn. Crim. App. at Nashville, May 21, 1997) (citation omitted). Moreover, as a sentencing hearing is not mandatory, see Tenn. Code Ann. § 40-35-302, trial courts are not required to explicitly place their findings on the record; although such practice is beneficial for appellate review. See State v. McKnight, No. 01C01-9509-CC-00313 (Tenn. Crim. App. at Nashville, June 11, 1996), perm. to appeal denied, (Tenn. Jan. 6, 1997). Additionally, while we acknowledge that the purpose of requiring the trial court to consider enhancement and mitigating factors in felony sentencing is to assure the determination of an appropriate sentence within the applicable sentencing range, we recognize that, a misdemeanor sentence, as opposed to a felony sentence, contains no sentence

6

range. See State v. Troutman, No. 03C01-9509-CC-00287 (Tenn. Crim. App. at Knoxville, Nov. 6, 1996), perm. to appeal granted, (Tenn. May 5, 1997) (Hayes, J., dissenting). Thus, although strict compliance with formal procedures is vital in felony sentencing in part to avoid disparity in the sentencing of defendants, such rigid compliance is not necessary in misdemeanor sentencing where the relative narrow sentencing periods encompassed by class A, B, and C misdemeanors eliminates, *per se*, the potential for disparity. Id. Accordingly, in misdemeanor cases, the trial judge, who is able to observe first-hand the demeanor and responses of the defendant while testifying, must be granted broad discretion in arriving at the appropriate sentence.

In this case, the trial court imposed a 90 day period of incarceration in the county jail but granted work release, permitting the appellant to be released from custody from 6:00 a.m. to 6:00 p.m. during weekdays. This consideration was granted so that the appellant could work in order to support his children and pay the assessed fine and court cost.

Upon *de novo* review, we find that the trial court followed appropriate sentencing principles and that the presumption of correctness applies. The appellant is a self-employed landscaper and maintenance worker. A pre-sentence records check, ordered by the court, revealed that the appellant had prior convictions for larceny, reckless driving, driving under the influence and multiple public intoxication convictions. The record indicates that the trial court considered the appellant's "previous history of intoxication" and the nature and circumstances of the present offense. Moreover, past efforts at rehabilitation, via probation, have been applied unsuccessfully. For these reasons, we conclude that the appellant has failed to establish that the sentence imposed by the trial court is excessive. This issue is without merit.

Accordingly, the judgment of the trial court is affirmed.

7

_____
DAVID G. HAYES, Judge


CONCUR:


_____
GARY R. WADE, Presiding Judge


_____
JERRY L. SMITH, Judge