IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 20, 2001

## STATE OF TENNESSEE v. JASHUA SHANNON SIDES

**Direct Appeal from the Criminal Court for Hamilton County**
**Nos. 225250 and 225251     Rebecca J. Stern, Judge**

---

**No. E2000-01422-CCA-R3-CD**
**May 16, 2001**

---

This is a state appeal from the suppression of evidence. The defendant was indicted for driving under the influence (DUI), second offense, and leaving the scene of an accident. The defendant filed a motion to suppress which the trial court granted. In this appeal, the state alleges that the trial court erroneously concluded the defendant was unlawfully arrested, or, in the alternative, the order of suppression was overbroad. Upon review of the record, we modify the order of suppression to allow evidence gathered prior to the unlawful arrest. We remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed in Part; Reversed in Part; Remanded**

JOE G. RILEY, J., delivered the opinion of the court, in which ALAN E. GLENN, J., joined. JERRY L. SMITH, J., filed a dissenting opinion.

Paul G. Summers, Attorney General and Reporter; R. Stephen Jobe, Assistant Attorney General; William H. Cox III, District Attorney General; and Dean C. Ferraro, Assistant District Attorney General, for the appellant, State of Tennessee.

Mike A. Little, Chattanooga, Tennessee, for the appellee, Jashua Shannon Sides.

## OPINION

The defendant was indicted for DUI, second offense, and leaving the scene of an accident involving property damage. The trial court suppressed the "breath alcohol test, field sobriety test and any statements made by the Defendant," finding the defendant was unlawfully arrested. The state alleges on appeal that the trial court erred in granting the defendant's motion to suppress. Upon review of the record, we conclude that the suppression order was overbroad, and we modify it so that only the evidence obtained after the defendant's illegal arrest is suppressed. Any evidence obtained prior to his illegal seizure is admissible relative to the charges of leaving the scene of an accident and/or DUI.

# FACTS

Officer Joseph E. Kerr testified that he responded to a call on August 25, 1998, regarding an automobile accident. Upon arrival, he observed a single car with its front end in a ditch and the remainder of the vehicle blocking one lane of traffic. The driver of the vehicle was not at the scene. Volunteer firefighter Anthony Travis informed Officer Kerr that while he was in route to the accident scene, he saw a man enter a stopped vehicle but was unable to further describe either the person or the vehicle. Officer Kerr testified that he recognized the wrecked vehicle as belonging to the defendant as a result of an incident which occurred approximately one week prior.

While Kerr was completing the accident report, he recognized a vehicle passing the scene as one that belonged to the defendant's wife. He further observed a passenger in the vehicle who matched the description of the defendant, which he recalled from the incident one week prior. The vehicle proceeded away from the accident scene, but it returned shortly thereafter. As the vehicle passed the scene the second time, Officer Kerr ordered it to stop, went to the passenger's side, and requested the passenger's name. The passenger responded with a name other than defendant's, but since Kerr suspected the passenger was the defendant, Kerr ordered the passenger out of the vehicle and told him to stand near the wrecked vehicle. Subsequently, Officer Kerr returned to the stopped vehicle and asked the driver, Ms. Sides, the name of her passenger. Ms. Sides replied that the passenger was Jashua Sides, the defendant, and she produced his driver's license from between the car's seats.

Officer Kerr returned to the wrecked vehicle and questioned the defendant. The defendant initially told Kerr that his cousin was the driver of the wrecked vehicle, but subsequently admitted that he was the driver. Kerr then arrested the defendant for leaving the scene of an accident.

Officer Kerr further testified that while questioning the defendant, he "thought [he] detected an odor of alcohol, not a strong odor, but an odor of alcohol." After the arrest for leaving the scene of an accident, the defendant was transported to the sheriff's department and submitted to a breathalyzer test. There was no testimony as to the test results, but Officer Kerr testified that he arrested the defendant for DUI after getting the breathalyzer results.

Defense counsel contended at the suppression hearing that, although the officer had probable cause to secure an arrest warrant for leaving the scene of an accident, he could not arrest the defendant without a warrant since the offense did not occur in the officer's presence. *See* Tenn. Code Ann. § 40-7-103(a)(1). The state argued that the statute expressly authorizes a warrantless arrest "at the scene of a traffic accident" where the officer has probable cause to believe the person committed a traffic offense. *See* Tenn. Code Ann. § 40-7-103(a)(6).

The trial court rejected the state's argument, finding that Tenn. Code Ann. § 40-7-103(a)(6) did not apply since the defendant was "brought back to the scene by somebody else." The trial court concluded the officer did not have the authority to arrest the defendant for leaving the scene of an accident without an arrest warrant. The trial court then ordered the suppression of "the breath

alcohol test, field sobriety test and any statements made by the defendant." The state timely filed notice of appeal.

## SUPPRESSION OF EVIDENCE

### A. Standard of Review

The findings of fact made by the trial court at the hearing on a motion to suppress are binding upon this Court unless the evidence contained in the record preponderates against them. State v. England, 19 S.W.3d 762, 766 (Tenn. 2000). However, this Court is not bound by the trial court's conclusions of law. State v. Simpson, 968 S.W.2d 776, 779 (Tenn. 1998). The application of the law to the facts found by the trial court are questions of law that this court reviews *de novo*. State v. Daniel, 12 S.W.3d 420, 423 (Tenn. 2000).

### B. Suppression Analysis

The trial court suppressed the evidence of the breathalyzer results, any field sobriety tests, and any statements made by the defendant, based on the conclusion that the defendant was not "at the scene" of the accident when he was arrested for leaving the scene of an accident. *See* Tenn. Code Ann. § 40-7-103(a)(6).

In Tennessee, absent an exception, a warrantless arrest for a misdemeanor not committed in the officer's presence is illegal. Tenn. Code Ann. § 40-7-103(a)(1); State v. Duer, 616 S.W.2d 614, 615 (Tenn. Crim. App. 1981). However, the statute further provides:

> An officer may, without a warrant, arrest a person . . . [a]t the scene of a traffic accident who is the driver of a vehicle involved in such accident when, based on personal investigation, the officer has probable cause to believe that such person has committed an offense under the provisions of title 55, chapters 8 and 10. The provisions of this subdivision shall not apply to traffic accidents in which no personal injury occurs or property damage is less than one thousand dollars ($1,000) unless the officer has probable cause to believe that the driver of such vehicle has committed an offense under § 55-10-401 [DUI].

Tenn. Code Ann. § 40-7-103(a)(6).

The defendant argued at the suppression hearing that because he initially fled the scene, he was not arrested "at the scene of a traffic accident;" thus, the warrantless arrest was illegal. In support of the defendant's argument, he argues the applicability of State v. Thad Thomas Folds, C.C.A. No. 01C01-9308-CC-00278, 1995 WL 89701 (Tenn. Crim. App. filed March 3, 1995, at Nashville) (holding that "the 'scene of the accident' as contemplated by the legislature when drafting

this statute does not include [a] situation in which the arrest occurred at the scene, but only after the driver was required to return there by law enforcement").

It is apparent from a review of the hearing that the state, defense counsel, and the trial court felt that Officer Kerr had probable cause to believe the defendant left the scene of an accident with property damage in violation of Tenn. Code Ann. § 55-10-102(a).[1] Accordingly, they only addressed whether the arrest occurred at the scene of the accident.

The record is silent as to whether there was any property damage to the vehicle. We are unable to assume that the state, defense counsel and the trial court were all satisfied that there was property damage over $1,000. Since there was no testimony, statements by counsel, argument or remarks by the trial court concerning property damage, we are unable to make this assumption. Since the burden was upon the state at the hearing to establish the applicability of the statute, we are unable to assume facts necessary to establish this essential element.

Regardless, the state in its brief in this court now concedes that the warrantless arrest for leaving the scene of an accident involving property damage was illegal. We see no need to look behind its concession. Due to this concession, we need not analyze further whether the arrest for leaving the scene of an accident was lawful, or whether an officer has the authority to continue to hold a person in custody for such a violation, rather than issue a citation. *See* Tenn. Code Ann. § 40-7-118(b); State v. Walker, 12 S.W.3d 460, 464 (Tenn. 2000).

Although the state argued at the suppression hearing that probable cause for the arrest was based on the violation of leaving the scene of an accident, it now contends on appeal that the officer had probable cause to arrest the defendant at the scene for DUI.[2] Since an appellant cannot change theories from the trial court to the appellate court, this ordinarily waives the issue. State v. Dooley, 29 S.W.3d 542, 549 (Tenn. Crim. App. 2000).

Regardless of waiver, the only testimony relating to alcohol prior to the defendant's arrest at the scene was Officer Kerr's statement, "I thought I detected an odor of alcohol, not a strong odor, but an odor of alcohol." This is insufficient to establish probable cause to arrest the defendant for DUI. This testimony did sufficiently establish the right of the officer to briefly detain the defendant at the scene and administer field sobriety tests or otherwise ascertain defendant's state of sobriety. *See* State v. Yeargan, 958 S.W.2d 626, 633 (Tenn. 1997). However, the record is silent as to

---

[1] Although we question whether Tenn. Code Ann. § 55-10-102 applies to a one-vehicle accident, it is unnecessary for us to address that issue. The state in this court is no longer relying upon the warrantless arrest for leaving the scene of an accident.

[2] We have carefully examined the transcript of the suppression hearing. There was only a brief reference to DUI in the state's argument when the prosecutor stated, "after arresting him on [leaving the scene of the accident] is when he received information on the driving under the influence. Based on that he had probable cause that the defendant committed driving under the influence as well." We conclude it was not the state's position at the hearing that the officer had probable cause to arrest for DUI at the scene of the accident.

whether field sobriety tests were administered, or whether the officer had any other basis to believe the defendant was impaired. The only testimony establishing probable cause to arrest for DUI was the officer's testimony that he arrested the defendant for DUI after the breathalyzer was administered at the sheriff's department. This was after defendant had been illegally arrested for leaving the scene of an accident.

Therefore, the defendant was illegally detained when he was transported to the sheriff's department. The results of the breathalyzer test administered there are inadmissible. Accordingly, the record before the court does not establish probable cause for a DUI arrest at the scene of the accident, and any evidence obtained after the arrest should be suppressed.

## C. Overbroad Suppression Order

The state contends that even if the arrest of the defendant at the scene was unlawful, the order of suppression is overbroad. The state notes that the trial court suppressed not only the breathalyzer test, but also field sobriety tests and any statements made by the defendant to the police. The state now contends there was a "great deal of routine, on-the-scene investigation, including interaction between [the defendant] and Officer Kerr, which occurred prior to the arrest," and this evidence could be utilized in this prosecution.

The only issue addressed at the suppression hearing was whether the defendant was properly arrested at the scene of the accident. The state did not attempt to establish probable cause to arrest for DUI at the scene. Likewise, whether or not there was an actual violation of leaving the scene of an accident involving property damages was not litigated. *See* Tenn. Code Ann. § 55-10-102 (property damages in any amount may result in prosecution).[3] The parties only litigated whether there was a valid warrantless arrest, which requires property damages of $1,000 or more. *See* Tenn. Code Ann. § 40-7-103(a)(6).

Only evidence obtained as a result of the illegal seizure should be suppressed. *See generally* State v. Clark, 844 S.W.2d 597, 600 (Tenn. 1992) (citations omitted). We conclude that the on-the-scene stop and questioning of the defendant was proper. Any evidence developed prior to the unlawful arrest need not be suppressed in the event of prosecution for leaving the scene of an accident and/or DUI.

---

[3]As stated, we question the applicability of Tenn. Code Ann. § 55-10-102 to a one-vehicle accident. However, that issue is not before us.

## CONCLUSION

Based upon our analysis, we affirm the judgment of the trial court to the extent of suppressing all evidence obtained subsequent to the defendant's illegal arrest at the scene of the accident. The state may utilize any evidence obtained prior to the arrest if it elects to proceed with the prosecution for leaving the scene of an accident and/or DUI.

_____
JOE G. RILEY, JUDGE