# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
February 1, 2005 Session

## STATE OF TENNESSEE v. JERRY GLEN YATES

**Direct Appeal from the Circuit Court for Obion County**
**No. 4-82   William B. Acree, Jr., Judge**

---

**No. W2004-01805-CCA-R3-CD  - Filed March 1, 2005**

---

The Appellant, Jerry Yates, appeals the denial by the trial court of a motion to suppress all evidence in a prosecution for driving under the influence, alleging an illegal warrantless misdemeanor arrest because he left the scene of the accident.  We affirm the trial court's denial of the motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE H. WALKER, III SP.J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, J. and ALAN E. GLENN, JJ., joined.

Timothy Boxx, Dyersburg, Tennessee, for the appellant, Jerry GlenYates.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Thomas A. Thomas, District Attorney General; Allen Strawbridge, Assistant District Attorney General; and James Cannon, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On October 25, 2003, about 3:30 in the afternoon, Appellant was driving on a rural road in Obion County, and ran off the road into a ditch full of water. The vehicle ended on its side in the water.  Appellant was cold and wet and walked down the road approximately 150 yards to the Blue Bank Marina, to get warm and dry and call for a wrecker.  He stayed at the Marina about thirty minutes waiting for a wrecker, when Sergeant Alford came in and asked him if he was okay, and if he was the person driving the vehicle that was in the ditch.  Appellant replied he

1

was, and according to Appellant the officer said, "Well, you need to come back to the scene with me." Appellant testified he felt he "needed to go back up there," and rode with the officer to the ditch containing his vehicle.

Sergeant Alford testified that he went to the Blue Bank Marina to see if the driver was okay. Appellant told him he was all right and did not need medical attention. The officer informed Appellant that the highway patrol was in route to investigate, and asked him if he needed a ride back to the scene in a warm car. Appellant stated yes, and they rode back and waited on the trooper.

Appellant waited in the officer's car until the Trooper Butler pulled up and got him out of the patrol car. Trooper Butler testified that he was dispatched to the scene at 4:04 p.m. The trooper could smell the odor of alcohol on Appellant, and had him perform field sobriety tasks. Appellant was unsteady on his feet, and performed the tasks poorly. He was arrested by the trooper and transported for a blood-alcohol test.

## Trial Court Finding

The trial judge accredited the testimony of the officer, and found that Appellant voluntarily accepted the offer of the officer to ride back to the scene of the accident in a warm vehicle, and that Appellant was not placed under arrest at that point. Appellant was placed under arrest at the scene by the trooper after observing signs of alcohol use, and poor performance by Appellant on field sobriety tasks.

Appellant entered a plea of guilty to driving under the influence, reserving a certified question of law, whether the trial court erred by not suppressing all evidence after he was transported by the officer from the Marina back to the ditch containing his vehicle.

## Analysis

We review the factual determinations by the trial court according to the standard set forth in *State v. Odom*, 928 S.W.2d 18 (Tenn. 1996). Under this standard, "a trial court's findings of fact in a suppression hearing will be upheld unless the evidence preponderates otherwise." Questions about witness credibility and "resolution of conflicts in the evidence are matters entrusted to the trial judge." Our review of a trial court's application of law to the facts, however, is conducted under a de novo standard of review. *State v. Walton*, 41 S.W.3d 75, 81 (Tenn. 2001), cert. denied, 534 U.S. 948, 122 S. Ct. 341, 151 L. Ed. 2d 258 (2001).

An officer may not make a warrantless arrest for a misdemeanor offense unless such offense is committed in the officer's presence. See Tenn. Code Ann. § 40-7-103(a)(1); *State v. Duer*, 616 S.W.2d 614, 615 (Tenn. Crim. App. 1981). A limited exception to the "in the presence" rule exists for certain circumstances in which an officer suspects an individual of DUI.

Tennessee Code Annotated section 40-7-103, which governs warrantless arrests by police officers, provides in pertinent part as follows:

2

An officer may, without a warrant, arrest a person:

(1) For a public offense committed or a breach of peace threatened in the officer's presence; [or]

* * *

(6) At the scene of a traffic accident who is the driver of a vehicle involved in such accident when, based on personal investigation, the officer has probable cause to believe that such person has committed an offense under the provisions of title 55, chapters 8 and 10. The provisions of this subdivision shall not apply to traffic accidents in which no personal injury occurs or property damage is less than one thousand dollars ($ 1,000) unless the officer has probable cause to believe that the driver of such vehicle has committed an offense under § 55-10-401.

Section 55-10-401 describes the offense of driving under the influence.

Appellant maintains that he was taken into custody by the officer at the Marina without probable cause and forced to return to the scene. Appellant relies on the opinion of *State v. Folds*, 1995 Tenn. Crim. App. LEXIS 167, No. 01C01-9308-CC-00278 (Tenn. Crim. App., at Nashville, Mar. 3, 1995).

In *Folds*, police had found no one at the scene of a single-vehicle accident. After determining that the defendant was the owner of the wrecked vehicle, one of the officers drove to the defendant's residence. The defendant explained that he and his wife were attempting to locate a towing service. While the defendant claimed that the officer required his return to the accident scene, the officer contended that he had merely "requested" his accompaniment. Approximately an hour had passed since the accident. At the scene, the defendant admitted to officers, who noticed a strong odor of alcohol, that he had been drinking. He failed two field sobriety tests. Officers then arrested the defendant, who consented to a chemical blood alcohol test. The trial court granted the defendant's motion to suppress his statements to police and the results of his blood alcohol test, holding that the arrest was not permitted by Tennessee Code Annotated section 40-7-103(a)(6) , which specifies that an officer may arrest without a warrant when the officer has probable cause to believe that a driver has committed an offense under title 55, chapters 8 and 10 , and the driver is "at the scene of a traffic accident." On appeal, this court agreed that the "scene of the accident," as used in the statute, "does not include [the] situation in which . . . the driver was required to return [to the scene] by law enforcement." 1995 Tenn. Crim. App. LEXIS 167 at *11.

In *Folds,* the defendant was at home; while in this case Appellant was near the accident scene using the telephone at a public place. In this case the trial court accredited the testimony of the officer, finding that he offered "to carry Mr. Yates back to the scene in a warm vehicle, that the defendant, Mr. Yates, accepted that invitation." The trial court noted that Appellant's car was being pulled from the ditch, and Appellant would have an interest in going back to his vehicle. This was not a situation where the driver was required to return from his home to the scene by law enforcement.

The officer's subjective and unarticulated intent is not determinative on whether a suspect has been arrested. *Berkemer v. McCarty,* 468 U.S. 420, 442 (1984). The question is how a reasonable person would have understood the situation. The trial judge concluded under

the general circumstance of this case that Appellant was not taken into custody at the Marina. The Appellant testified he walked the short distance to the Marina because he was wet and cold, and he needed to call a wrecker to pull his car out of the ditch full of water. Sergeant Alford testified he was not there to conduct an investigation, but told Appellant that the highway patrol was in route to investigate the wreck. Sergeant Alford offered Appellant a ride because he could see that Appellant was "already cold, you know, from being in the water" and thought he might want a ride in a warm car "instead of having to walk in the rain and cold weather." A trial judge who sees and hears the witnesses is granted wide latitude in determining credibility of the witnesses.

The trial court found that "there was no arrest made by Sergeant Alford, that the arrest was made by Trooper Butler after observing certain signs of alcohol on the part of Mr. Yates, and also after administering three filed sobriety tests, which he failed."

We find that the evidence does not preponderate against the finding of the trial court that Appellant was not required to return to the scene by law enforcement.

The state further submits that Appellant never left the "scene of the accident." Because the defendant was in close proximity to the accident scene almost immediately after its occurrence, the rationale of *Folds* was not applicable. Appellant was at a Marina a short distance away from his wrecked vehicle using a telephone. The state submits that the analysis in *State v. Butler,* 108 S.W.3d 845 (Tenn. 2003), would indicate that Appellant was still at the "scene of the accident" within the meaning of the statute. In *Butler,* our supreme court upheld a conviction for driving under the influence where the defendant was 100 yards away from his motorcycle when confronted by the officer. In the instant case, Appellant was approximately 150 yards from his wrecked vehicle when Sergeant Alford spoke with him. The state contends that this close proximity would mean Appellant was still at the scene, so it would not matter if Sergeant Alford did arrest Appellant.

We concur with the trial court finding that Appellant accepted a ride back to his vehicle which was being towed from the ditch. He was not required to return to the scene by law enforcement. He was at the scene of the accident when Trooper Butler arrived.

The judgment of the trial court is affirmed.

_____
JOE H. WALKER, III, SP.J.

4