[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 14, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-13420
Non-Argument Calendar

_____

D. C. Docket No. 05-00828-CV-T-30-MSS

ANTHONY LORENZO,

Plaintiff-Appellant,

versus

CITY OF TAMPA,
STEPHEN PREBICH,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 17, 2007)**

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Plaintiff Anthony Lorenzo appeals from the district court's grant of summary judgment for the defendants, the City of Tampa and Officer Stephen Prebich, on his 42 U.S.C. § 1983 and state law false arrest claims. On October 26, 2002, Lorenzo participated in the annual Guavaween parade in the Ybor City area of Tampa, Florida. Lorenzo is a member of the Florida Cannabis Action Network, which advocates the legalization of marijuana. The group constructed a float for the parade, which contained a jail cell with barbed wire and beads, political signs, the group's logo, and a seven foot paper mâché representation of a marijuana cigarette. Some of the members, including Lorenzo, dressed up as DEA agents and wore black t-shirts with "DEA" in white letters. During the parade, Lorenzo rode on the float.

After the parade ended, Lorenzo and some of the other members began passing out handbills to people walking on 7th Avenue between 15th and 17th Streets in Ybor City. The handbills contained advertisements for the Network, the Libertarian Party, and Chachi's Vejutopia, a vegetarian catering company. While distributing the handbills, at least one of the members engaged in shouting profanity including "F*** the DEA" and also yelled "legalize marijuana."

Officer Stephen Prebich, master patrol officer for the Tampa Police Department's Street Anti-Crime Squad, had been assigned to the parade and was

2

present in uniform. He and another officer observed Lorenzo handing out the handbills, and they received complaints about the profanity shouted by the Network members. By this point Lorenzo had passed out approximately 2,500 handbills, and many were lying in the street. Prebich saw some of the handbills and knew there was a picture of a marijuana leaf and an advertisement for a restaurant on them. In his deposition Prebich testified that when he approached Lorenzo, he asked Lorenzo to stop handing out the handbills. Lorenzo does not recall Prebich asking him to stop, and we must view the facts in the light most favorable to Lorenzo. In any event, Lorenzo continued passing out the handbills, and when Prebich tried to remove the handbills from him, Lorenzo pulled away.

Officer Prebich knew there was an ordinance concerning handbill distribution, and after Lorenzo pulled away, Prebich arrested him for a violation of that ordinance, Section 6-211 of the City of Tampa Code, which prohibits "off-premises canvassing" without a permit, as well as for resisting arrest. Prebich then turned Lorenzo over to the Hillsborough County Sheriff's Department. Prebich did not cause any injury to Lorenzo, and Lorenzo did not file an internal affairs complaint against him, although Lorenzo did file one against another officer.

Lorenzo was detained in a van operated by the Hillsborough County Sheriff's Department, and he was eventually taken to jail and placed in a holding

cell, where he somehow caught poison ivy. On account of his arrest and detention, Lorenzo filed suit in state court in Hillsborough County. His complaint alleged one state law claim against the City of Tampa for false arrest. It also alleged a 42 U.S.C. § 1983 claim against Prebich in his individual capacity for violating Lorenzo's First and Fourth Amendment rights by arresting him without probable cause. The defendants removed the case to federal court, and the district court granted their motion for summary judgment, concluding that Prebich had probable cause to make the arrest. Therefore, according to the court, Prebich was entitled to qualified immunity on the § 1983 claim, and summary judgment was proper for the City on the false arrest claim. Lorenzo timely appealed.

We review the grant of a motion for summary judgment de novo. Cruz v. Publix Super Mkts., Inc., 428 F.3d 1379, 1382 (11th Cir. 2005). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Lorenzo contends that the district court erred in concluding that Officer Prebich had probable cause to arrest him for a violation of Section 6-211 of the Tampa Code. Specifically, Lorenzo argues that Prebich could not have had

4

probable cause to arrest him for a violation of Section 6-211 when: (1) the handbills he was distributing focused on changing marijuana laws and supporting a political party and contained only a brief commercial advertisement; (2) it was clear that he was engaging in a political protest and not soliciting any business; and (3) Prebich erroneously believed that the ordinance prohibited distribution of all handbills.[1]

Section 6-211 of the Tampa Code is an ordinance directed at, among other things, preventing litter and pedestrian congestion in Ybor City. See Tampa, Fla., Code § 6-210. The ordinance prohibits "off-premises canvassing" without a permit, which is defined as the "distribution of information by a person for purposes of soliciting business or customers in the Ybor City Historic District on publicly owned property or public right-of-way in connection with a business." Tampa, Fla., Code §§ 6-4; 6-211.

"Plainly, an arrest without probable cause violates the right to be free from an unreasonable search under the Fourth Amendment." Durruthy v. Pastor, 351 F.3d 1080, 1087 (11th Cir. 2003) (citation omitted). However, "[i]f an officer has

---

[1] Lorenzo also argues that under Florida law, an unlawful arrest can permissibly be resisted without violence. According to Lorenzo, because Officer Prebich lacked probable cause to arrest him for a violation of the city ordinance, it was permissible for him to pull away from Prebich when Prebich tried to take away his handbills. Therefore, Lorenzo argues that his pulling away could not have given Prebich probable cause to arrest him for resisting arrest. Because we conclude that Prebich had probable cause to arrest Lorenzo for a violation of Section 6-211, we need not address this argument.

probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." Atwater v. City of Lago Vista, 532 U.S. 318, 354, 121 S. Ct. 1536, 1557 (2001). "[P]robable cause constitutes an absolute bar to both state and § 1983 claims alleging false arrest." Rankin v. Evans, 133 F.3d 1425, 1435 (11th Cir. 1998). Therefore, whether summary judgment was appropriate for the defendants on both Lorenzo's state law false arrest and federal § 1983 claims will depend on whether Officer Prebich had probable cause to arrest him.

We have "concluded that the standard for determining the existence of probable cause is the same under both Florida and federal law—whether a reasonable man would have believed probable cause existed had he known all of the facts known by the officer." Id. at 1433 (internal marks and citations omitted).

> In order for probable cause to exist, "an arrest [must] be objectively reasonable under the totality of the circumstances." This standard is met when "the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense."

Id. at 1435 (citations omitted, alteration in original). "Probable cause is 'judged not with clinical detachment but with a common sense view to the realities of normal life.'" Id. at 1436 (citation omitted).

6

"The only difference in the probable cause analysis applicable to the state and federal claims at issue here is which party carried the burden of proving whether probable cause existed." Id. Under Florida law, "[t]he existence of probable cause constitutes an affirmative defense to the claims of false arrest." Id. However, the plaintiff has "the burden of demonstrating the absence of probable cause in order to succeed in [his] § 1983 claim." Id. A conclusion that probable cause existed as a matter of law will defeat both a state law and a § 1983 false arrest claim. See id.

We agree with the district court that Officer Prebich had probable cause to arrest Lorenzo. When he approached Lorenzo, Prebich knew that: (1) there was an ordinance prohibiting the distribution of handbills in Ybor City; (2) Prebich had recently been instructed by his superior that officers should rigorously enforce the ordinance; (3) after the parade, Lorenzo and other Network members began passing out handbills on 7th Avenue in Ybor City without a permit; (4) Lorenzo had distributed numerous handbills and many were lying in the street; and (5) the handbills contained not just a representation of a marijuana leaf but also an advertisement for a restaurant. This information was sufficient to cause a reasonable person to believe that Lorenzo was engaging by off-premises canvassing by passing out handbills containing a commercial advertisement for a

7

restaurant in Ybor City without a permit, in violation of Section 6-211 of the Tampa Code, and therefore under the totality of the circumstances, Prebich had probable cause for the arrest. See id. at 1345.

Lorenzo argues that Officer Prebich could not have had probable cause for the arrest because it was clear that Lorenzo was engaging in a political protest and not soliciting any business. Moreover, according to Lorenzo, the handbills primarily focused on changing marijuana laws and supporting a political party and contained only a brief commercial advertisement. However, this argument misses the point. Although Lorenzo clearly has a First Amendment right to express his views on marijuana laws through political protest, he does not have the right to violate Tampa's anti-littering ordinance in the process. Because the handbills contained an advertisement for a commercial catering business, and Lorenzo was distributing them in Ybor City and does not argue that he had previously obtained a permit, Prebich had probable cause to arrest him for a violation of the ordinance.

Lorenzo also argues that probable cause could not have existed because Officer Prebich erroneously believed that the ordinance prohibited the distribution of all handbills, not just those containing commercial advertisements. However, we have said that "[w]hen an officer makes an arrest, which is properly supported by probable cause to arrest for a certain offense, neither his subjective reliance on

8

an offense for which no probable cause exists nor his verbal announcement of the wrong offense vitiates the arrest." United States v. Saunders, 476 F.2d 5, 7 (5th Cir. 1973).[2] The test for probable cause is an objective one and does not turn on the subjective beliefs of the officer.

**AFFIRMED.**

---

[2] In our en banc decision Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.