Roberto **DELGADO**, Plaintiff,

v.

**CITY OF MIAMI, a political subdivision of the State of Florida, Defendant.**

**Case No. 13–cv–23702–KMM.**

United States District Court, S.D. Florida.

Feb. 21, 2014.

---

Andrew Mitchell Moss, Kutner Rubinoff & Moss PA, Mario Quintero, Jr., Law Office of Maria Quintero, Jr., P.A., Miami, FL, for Plaintiff.

Christopher Allan Green, Miami City Attorney's Office, Miami, FL, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Defendant City of Miami's Motion to Dismiss (ECF No. 10). Plaintiff Roberto Delgado filed a Response (ECF No. 15) and Defendant filed a Reply (ECF No. 19). The Motion is therefore ripe for review. UPON CONSIDERATION of the Motion, the Response, the Reply, the pertinent portions of the record, and being otherwise fully advised in the premises, this Court enters the following Order.

## I. BACKGROUND

On January 24, 2010, Plaintiff was sitting on a bench in Grapeland Park in Miami, FL, near a child's birthday party. Second Am. Compl. ("Compl.") (ECF No. 11), at ¶¶ 1314. Several off-duty Miami police officers, including Sergeant Carlos Rosario, were in attendance at the party. Id. at ¶ 15; Mot., at 3. At some point Rosario began filming Plaintiff. Compl., at ¶ 16. Rosario called the Miami Police Department and stated that there was a sexual predator conducting lewd and lascivious activity in front of children. Mot., at 2. Rosario detained Plaintiff until the police arrived. Compl., at ¶ 17. Plaintiff contends that the video showed him scratching his head, straightening his shirt, picking his nose, and taking other actions, but nothing that could be inferred as a lewd or lascivious activity. Id. at ¶ 16.

Miami Police Officer Giraldo Linares responded to the scene. Id. at ¶ 18. Rosario showed Linares the video and told him that he saw "Plaintiff sitting on a park bench with his hand inside his pants rubbing his personal area for a long period of time." Id.; Mot., at 3. Plaintiff heard Linares say that he did not believe that there was sufficient evidence to arrest Plaintiff, and that Rosario told Linares that if he did not arrest Plaintiff, he would find someone who would. Compl., at ¶ 18. Linares contacted Detective Michael Ali and Sergeant Martha Carbana, who advised Linares that there was no probable cause to arrest Plaintiff, and Carbana refused to sign the arrest form. Id. at ¶ 19. Ultimately, Sergeant Jean Paul Guillot signed the arrest form. Id. As a result of the arrest Plaintiff suffered shame and embarrassment and the ridicule of members of his community. Id. at ¶¶ 2126. The State Attorney's Office ultimately took no action in the case and Plaintiff was

subsequently released from custody. *Id.* at ¶ 27.

Plaintiff's Second Amended Complaint, first filed in state court, was initially directed at the City of Miami, Miami–Dade County, Linares, and Guillot. *See generally id.;* Notice of Removal (ECF No. 1). The Parties have stipulated to the dismissal of this action against Miami–Dade County (ECF No. 16). Linares and Guillot have not been served in this matter and the period in which to do so has elapsed. *See* Fed.R.Civ.P. 4(m). Accordingly, the City of Miami is the sole remaining Defendant. This action was initially brought against the City of Miami for negligence, defamation, and false arrest. *See* Mot.; Compl. Plaintiff has agreed that dismissal is appropriate as to the negligence and defamation claims. Resp., at 1. Accordingly, false arrest is the sole pending claim in this matter.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *See Milburn v. United States,* 734 F.2d 762, 765 (11th Cir.1984). On a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *See SEC v. ESM Grp., Inc.,* 835 F.2d 270, 272 (11th Cir.1988). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679, 129 S.Ct. 1937 (citations omitted).

A complaint must contain enough facts to indicate the presence of the required elements. *See Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1302 (11th Cir.2007). However, "[a] pleading that offers ... 'a formulaic recitation of elements of a cause of action will not do.'" *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955). "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis,* 297 F.3d 1182, 1188 (11th Cir.2002).

## III. ANALYSIS

■ Probable cause is a complete bar to an action for false arrest. *Bolanos v. Metropolitan Dade County,* 677 So.2d 1005, 1005 (Fla.Dist.Ct.App.1996). An officer may make a warrantless arrest when he or she reasonably believes that a felony has been committed and that the person being arrested is committing or has committed that felony. FLA. STAT. § 901.15(3). The relevant felony in this instance prohibits intentional masturbation or the exposing of genitals in a lewd and lascivious manner in the presence of a victim who is less than sixteen years of age. FLA. STAT. § 800.04(7).

■ Probable cause must be judged by the facts available to an officer at the time of the arrest. *Miami–Dade County v. Asad,* 78 So.3d 660, 670 (Fla.Dist.Ct.App.2012). Firsthand knowledge is not required, and it is sufficient for the officer to receive information from someone who it seems reasonable to believe is telling the truth. *Id.* at 670–74; *LeGrand v. Dean,* 564 So.2d 510, 512 (Fla.Dist.Ct.App.1990).

Officers may rely on information supplied by fellow officers, such that the police as a whole are in possession of sufficient information to constitute probable cause. *Voorhees v. State*, 699 So.2d 602, 609 (Fla. 1997). Here, Linares had sufficient probable cause to arrest Plaintiff because fellow officer Rosario told him that he had observed Plaintiff touching himself in the presence of children. Mot., at 9.

█ Plaintiff argues that there was no probable cause because of information Linares received from other officers indicating the absence of probable cause, and because Plaintiff himself heard Linares say that he lacked probable cause to arrest Plaintiff. Resp., at 3–4. While it is true that based on this information, Linares may have ultimately chosen not to arrest Plaintiff, Linares chose to do so, and this decision is supported by the information available to Linares at the time. Furthermore, this Court relies on the objective facts of the incident, and not on Linares' subjective intent. *Lorenzo v. City of Tampa*, 259 Fed.Appx. 239, 242–43 (11th Cir. 2007). Accordingly, Plaintiff's argument is unavailing.[1]

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (ECF No. 10) is GRANTED. Plaintiff's Second Amended Complaint (ECF No. 1–1) is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. All pending motions are DENIED AS MOOT.

█

1. Plaintiff also argues that because Rosario was off-duty, he should be treated as an informant as opposed to a fellow police officer, and that therefore his observations in this matter should be given less weight. Resp., at 4–5. This Court finds that this argument lacks merit as Rosario was plainly not an informant.