**Armando GARZA–FUENTES and Tomas Elizalde-Guereca, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 24887.

United States Court of Appeals
Fifth Circuit.

Aug. 26, 1968.

Rehearing Denied Sept. 18, 1968.

---

15. 379 F.2d at 244.

George M. Thurmond, Del Rio, Tex., David Hume, Eagle Pass, Tex., for appellants.

Andrew L. Jefferson, Jr., Reece L. Harrison, Jr., Asst. U. S. Attys., San Antonio, Tex., for appellee.

Before THORNBERRY and SIMPSON, Circuit Judges, and ATKINS, District Judge.

SIMPSON, Circuit Judge:

This is an appeal from a judgment following jury verdict finding the appellants, Armando Garza-Fuentes and Tomas Elizalde-Guereca, guilty of unlawfully transporting and concealing heroin in violation of the Boggs Act, 21 U.S.C. § 174, and of unlawfully selling heroin which was not in the original stamped package in violation of the Internal Revenue Code, 26 U.S.C. § 4704(a). We affirm.

The convictions arose out of an alleged sale of heroin, on September 16, 1966, in Eagle Pass, Texas, by Garza-Fuentes to Sam Schwartz, a federal customs agent posing as a dealer in narcotics. The sale took place in one of two adjoining motel rooms that Schwartz had rented with customs agency funds. At the time the sale took place the adjoining room was occupied by three other customs agents, who were able to hear parts of the conversation accompanying the transaction through use of a malfunctioning tape recorder, the microphone of which had been earlier hidden in Schwartz's room. After Schwartz had received the heroin from Elizalde-Guereca, and agreed to pay Garza-Fuentes, the other agents, upon a prearranged signal from Schwartz, unlocked the outside door of Schwartz's room with a duplicate key, broke open the night latch that had been fastened by Garza-Fuentes, and seized the heroin. They then arrested the appellants and went through the motions of arresting Schwartz.

The first point raised by appellants is that the seizure of the heroin was illegal since it was neither under authority of a search warrant nor incident to a legal arrest; that consequently the trial court should not have allowed it to be introduced into evidence at the trial. Specifically they contend that the trial court erred in denying their pretrial motion to suppress filed under Rule 41(e) of the Federal Rules of Criminal Procedure, which provides: "A person aggrieved by an unlawful search and seizure may move the district court * * * to sup-

press for the use as evidence anything so obtained on the ground that (1) the property was illegally seized without warrant * * *."

Two questions are thus presented: (1) whether appellants had standing to raise the issue of the legality of the search and seizure, and if so (2) whether the arrest was legal. The appellee urges that since the appellants were only in the motel room for a few minutes, they lacked the proprietary interest in the place searched necessary to provide standing to raise the issue of the illegal search and seizure. The United States Supreme Court announced broad guidelines for determination of standing to invoke Rule 41(e) in Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L. Ed.2d 697 (1960). There the Court rendered irrelevant the "subtle distinctions" of property law that had previously governed whether or not a defendant had the requisite proprietary interest in the premises searched to avail himself of the Rule. Early in its opinion, the Court states:

> "In order to qualify as a 'person aggrieved by an unlawful search and seizure' one must have been *a victim of a search and seizure, one against whom the search was directed,* as distinguished from one who claims prejudice only through the use of evidence gathered as a consequence of a search and seizure directed at someone else." [Emphasis added]

362 U.S. at 261, 80 S.Ct. at 731.

Further on in the opinion the following statement appears:

> "No just interest of the Government in the effective and rigorous enforcement of the criminal law will be hampered by recognizing that *anyone legitimately on premises where a search occurs* may challenge its legality by way of a motion to suppress, when its fruits are proposed to be used against him. This would of course not avail those, who by virtue of their wrongful presence, cannot invoke the privacy of

the premises searched." [Emphasis added]

362 U.S. at 267, 80 S.Ct. at 734.

While neither of these statements embodies an exclusive test under Rule 41(e), Henzel v. United States, 296 F.2d 650 (5 Cir.1961), taken together they are indicative of the broad application of this Rule sanctioned by the Court. Appellants fulfill the requirements of both statements. They are clearly the ones "against whom the search was directed"; having been invited into the motel room by Schwartz, they were legitimately on the premises searched. They thus have standing to raise the issue of the legality of the search.

Even though the appellants may have standing to raise the issue of the legality of the search and seizure, their contention that introduction of the evidence constitutes error is tenable only if the arrest was indeed illegal. Appellants do not contend that no probable cause existed to justify arrest without a warrant, but rather that the method of arrest itself was unlawful.

Where the circumstances surrounding an arrest require the arresting officers to break into a dwelling place, the officers must first announce their authority and purpose for demanding admission, whether the arrest is pursuant to a warrant, 18 U.S.C. § 3109, or based upon probable cause for arrest without a warrant. Miller v. United States, 357 U.S. 301, 78 S.Ct. 1190, 2 L. Ed.2d 1332 (1958).

The question here presented is difficult: whether the failure of arresting officers to announce their authority and purpose before breaking the night latch on the door of a motel room to which they had a key is a sufficient deviation to render the arrest unlawful where prior consent to their entrance had been given by the party rightfully in control of the room, and where the room had been paid for by the arresting officers' agency. No cases deciding this precise factual situation have been brought to the

Court's attention, nor has our own research discovered any such cases. The situation may be analogized to those cases where consent to enter a dwelling to effect a search and seizure, rather than an arrest, is given by a party validly in control of the premises to be searched. Where such consent is not coerced, and where the search does not extend to a part of the premises rightfully in the exclusive control of the one against whom the search is directed, the courts have upheld the validity of the search. No agency problem is involved here; we are not concerned with agent Schwartz's authority to consent *for the appellants* to the entrance of the arresting agents. Rather, the theory upon which the unannounced forceful entrance of the officers may be sustained is agent Schwartz's *own* authority to give advance consent to the entrance by virtue of his being the party rightfully in control of the premises.

■■■ United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950), is relevant and helpful to this discussion:

> "What is a reasonable search is not to be determined by any fixed formula. The Constitution does not define what are 'unreasonable' searches and, regrettably, in our discipline we have no ready litmus-paper test. The recurring questions of the reasonableness of searches must find resolution in the facts and circumstances of each case. * * * Reasonableness is in the first instance for the District Court to determine." [Footnotes omitted].
>
> 339 U.S. at page 63, 70 S.Ct. at page 434.

Under the unusual circumstances of this case, the agents' failure to announce their authority and purpose is not a deviation sufficient to render the arrest illegal and the search and seizure incident to it unreasonable. The trial court was justified in denying the appellants' motion to suppress the seized heroin, and in allowing its introduction into evidence.

The appellants' next two points on appeal concern a tape recording made by the customs agents during the course of the meeting that culminated in the appellants' arrests. Prior to agent Schwartz's renting the motel rooms, his superior in the Customs Agency sought and received from the Regional Office of the Customs Agency Service permission to install electronic equipment in Schwartz's room to enable the agents in the adjoining motel room to monitor any conversation between Schwartz and the appellants. A tape recorder was used to overhear and record the conversation, the microphone having been placed in Schwartz room earlier. The agents testified that the recorder did not function properly, so that only a few sentences of the conversation were intelligible. After the arrests, the recording was listened to by one of the agents and subsequently erased, no written record having been made of its contents. The appellants were never made aware of its previous existence through pretrial discovery procedures.

At the trial, agent Schwartz testified as to the meeting with the appellants. Later in the trial each of the appellants took the stand and testified in his own behalf, both giving a different version of the meeting and their reasons for being at the motel and completely denying any participation in narcotics traffic. The prosecution then recalled one of the agents and without any objection from the defense, questioned him with respect to the contents of the tape recording. Appellants now urge that their guaranteed rights to a fair trial under the Fifth Amendment to the Constitution of the United States were violated by introduction of the agent's recollection of the contents of the tape. They argue that the government's failure to produce the tape or a transcription thereof, even if not motivated by any bad faith on the part of the prosecution's attorneys, is analogous to the circumstances in Miller v. Pate, 386 U.S. 1, 87 S.Ct. 785, 17 L.Ed.2d 690 (1967), and Giles v. Maryland, 386 U.S. 66, 87

S.Ct. 793, 17 L.Ed.2d 737 (1967), in that all involve withholding of important information within the exclusive possession of the prosecution; that under the doctrine enunciated in those cases the suppression of evidence warrants the granting of a new trial on the basis of the denial of due process. The appellants also argue that the recording constituted an unreasonable search and seizure under the line of cases dealing with electronic eavesdropping, and that the exclusionary rule enunciated in Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914), should be applied to prohibit introduction of testimony of the contents of the tapes.

■■ If the appellants' substantive rights were prejudiced by introduction of the agent's testimony, the appellants' failure to object to its introduction at the trial would not preclude this Court from reviewing the propriety of the trial judge's ruling. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court". F.R.Crim.P. 52(b). However, the testimony was not seriously prejudicial to the appellants' case in that it was merely corroborative of agent Schwartz's testimony of the meeting. Discussion of the constitutional issues raised is unnecessary and therefore inappropriate.

The appellants' final point on appeal concerns a question asked by the prosecution while cross-examining a character witness appearing on behalf of one of the appellants, Tomas Elizalde-Guereca. On direct examination the witness testified that he knew Tomas Elizalde-Guereca, and that his reputation in the community for being a "truthful person" and for being a "peaceable and law-abiding citizen" was good. Upon cross-examination counsel for the prosecution asked, "Sir, at Villa de Fuente did you hear that last September Tomas Elizalde was arrested on a narcotics charge?" The appellants' objection, in the form of a motion for mistrial, was overruled by the trial court. The character witness then answered that he had not heard of the arrest. The arrest in question was the one that led to the instant case. The appellants contend that the prosecution's question was improper in that it referred to an event subsequent to the commission of the crime, that questions relating to the defendant's character should be limited to acts occurring prior to the commission of the crime. The prosecution, on the other hand, contends that the purpose of the question was the *impeachment* of the witness by demonstrating that he was actually not acquainted with Tomas Elizalde's reputation at all.

■ Whether or not the trial court's allowing the question was erroneous need not be decided here. No prejudice to the appellants' case could have resulted from the question since previous witnesses had of course testified to the fact of the appellants' arrest. The trial court properly denied the motion for mistrial. If it was error not to strike the question from the jury's consideration, it was at most harmless error. See Rule 52(a), Federal Rules of Criminal Procedure.

The judgment of the lower court is affirmed.