**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Mansfield SAUNDERS, Defendant-**
**Appellant.**

**No. 72-2737.**

United States Court of Appeals,
Fifth Circuit.

April 2, 1973.

---

**6**

J. V. Eskenazi, Federal Public Defender (court appointed) Miami, Fla., Richard M. Dunn, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Carol M. Anderson, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before BELL and THORNBERRY, Circuit Judges and GROOMS, District Judge.

THORNBERRY, Circuit Judge:

Appellant was convicted below after a non-jury trial of possessing approximately eight grams of marijuana in violation of 21 U.S.C.A. § 844(a). On appeal he contends that the warrantless search which produced the marijuana was constitutionally invalid because it was not incident to a valid arrest. We affirm.

On August 5, 1971, agents of the Bureau of Narcotics and Dangerous Drugs (BNDD) set out to arrest one Brinson pursuant to an arrest warrant. Guided by an informant's tip, they located him at about noon near a sea-going boat, the RICKI, in Dania, Florida, in the company of Patricia Manchester and appellant Saunders. According to the informant, the three planned to depart that night on the RICKI for Jamaica. The agents kept Brinson, Manchester, and Saunders under surveillance for approximately ten hours, and during this period they decided that, in addition to executing the arrest warrant for Brinson, they would arrest Manchester and appellant Saunders as well for harboring or concealing a fugitive in violation of 18 U.S.C.A. § 1071. At about 10:30 p.m. they boarded the RICKI and made the arrests as planned. In the process of boarding the boat and securing the arrestees, they saw about four grams of apparent marijuana lying in plain view on the galley table and perceived the smell of marijuana smoke. The district court determining that, although the agents had originally intended to arrest Saunders for harboring or concealing only, they were aware of the marijuana on the galley table at the time, of the arrest. Immediately after the arrest, Saunders, Manchester, and Brinson were taken to the BNDD Regional Office, where search of appellant Saunders', pockets produced the eight grams of marijuana which ultimately led to his conviction below. This search of Saunders' person is the object of challenge.

The Government contends on this appeal, as it did below, that the warrantless search was valid because it was incident to a valid arrest. Saunders concedes that the search was "incident" to the arrest, United States v. Gonzalez-Perez, 5th Cir. 1970, 426 F.2d 1283, 1287, but contends the arrest was not a valid one because it was not based on probable cause. The district court held that although there was no probable cause to arrest Saunders for harboring or concealing,[1] there was probable cause to arrest him for possessing the marijuana on the galley table, so that the arrest

---

1. The district court's basis for this conclusion was:

   [Saunders] was not doing an awful lot of concealing if they were out on the dock and on the sundeck and to the grocery store and riding around in the car. That is not consistent with the probable cause for harboring and concealing.

and the incident search were valid.[2] We agree that the marijuana in plain view on the galley table supplied probable cause for the arrest. We need not, and do not, reach the question of probable cause to arrest for harboring or concealing.

■ We note that appellant's challenge to the validity of his arrest is quite limited in scope. He does not argue that BNDD agents were aboard the RICKI wrongfully or without justification when they saw the four grams of marijuana.[3] Nor does he argue that the agents' discovery of the marijuana on the boat was other than inadvertent or was in any way unlawful, cf. Coolidge v. New Hampshire, 1971, 403 U.S. 443, 464–73, 91 S.Ct. 2022, 2037–2042, 29 L.Ed.2d 564, or that the marijuana in the boat would not supply probable cause to arrest him for marijuana possession. Rather appellant presses upon us the view that since the agents in making the arrest relied on the harboring and concealing charge, an offense for which there was no probable cause, the arrest was ipso facto invalid, regardless of the agents' awareness of the marijuana on the galley table and the marijuana smoke in the air and their belief that Saunders was committing the offense of unlawful marijuana possession.

■ This view is too narrow. To the extent the argument rests on the premise that the BNDD agents were unaware of the marijuana, its foundation is completely undermined by the district court's finding to the contrary. To the extent it focuses on the agents' subjective reliance on the harboring or concealing charge, it is foreclosed by prior decisions of this court. When an officer makes an arrest, which is properly supported by probable cause to arrest for a certain offense, neither his subjective reliance on an offense for which no probable cause exists nor his verbal announcement of the wrong offense vitiates the arrest. United States v. Bowers, 5th Cir. 1972, 458 F.2d 1045, United States v. Brookins, 5th Cir. 1971, 434 F.2d 41, cert. denied 401 U.S. 912, 91 S.Ct. 880, 27 L.Ed.2d 811 (1972); see also Klingler v. United States, 8th Cir. 1969, 409 F.2d 299, cert. denied 396 U.S. 859, 90 S.Ct. 127, 24 L.Ed.2d 110. Since the BNDD agents had probable cause to ar-

2. The district court summarized its findings and conclusions from the bench as follows:

I am going to deny your motion to suppress. I do want the record to show very clearly that I agree with your argument on the harboring and concealment. I do not think probable cause existed when this defendant was arrested under a charge of harboring and concealing.

I do believe, and my ruling is based on the fact that I think the agents had probable cause to arrest this defendant, Saunders, based upon the marijuana that was in clear, open view and the smoke that was filling the vessel or the cabin of the vessel where the people were, which at least one agent testified that to him it was obviously marijuana smoke, based on his experience.

Now, you put all that in the record, because if you are right, then obviously I am wrong in my ruling, and that is the basis of my ruling.

I think the search thereafter was an appropriate and legal search in connection with a lawful arrest, but not for what he was charged with insofar as the harboring and concealing.

I will agree even further and state on the record that the evidence is very clear that the agents had predetermined that if he was there they were going to arrest him and charge him with harboring and concealing. If that were all I had before me, I would grant your motion to suppress. However, I think factually it was a legal arrest and a legal search because of the marijuana that was there and was obviously being used.

3. Appellant did not develop facts below relating to the boarding of the RICKI or the propriety of the agents' execution of the arrest warrant, and he has not argued below or on appeal that the entry into the boat was wrongful. At oral argument counsel for appellant expressly declined to take this position. Accordingly, we do not consider the propriety of the agents' presence in the boat under the principles announced in Miller v. United States, 1958, 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed. 2d 1332, and Garza-Fuentes v. United States, 5th Cir. 1968, 400 F.2d 219.

**8**

rest appellant for marijuana possession, the arrest and the incident search were valid, and the agents' reliance on the harboring or concealing charge did not affect this result.

Accordingly, the judgment of the district court is

Affirmed.