**Robert Hugh FAGLIE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–85–082–CR.**

Court of Appeals of Texas,
Austin.

May 25, 1988.

Discretionary Review Refused
Oct. 19, 1988.

J.W. Howeth, Austin, for appellant.

Ronald Earle, Dist. Atty., William G. Reid, Asst. Dist. Atty., Austin, for appellee.

Before SHANNON, C.J., and GAMMAGE and ABOUSSIE, JJ.

ON REMAND

PER CURIAM.

A jury found appellant guilty of possession of less than 28 grams of methamphetamine, a controlled substance. Tex.Rev. Civ.Stat.Ann. art. 4476–15, § 4.04(b) (Supp. 1988). Punishment, enhanced by two prior felony convictions, was assessed by the trial court at imprisonment for 43 years. We will affirm the judgment of conviction.

Two Austin Police Department undercover narcotics officers testified at trial that at approximately 5:00 p.m., February 4, 1985, they and their confidential informant were seated in an unmarked police vehicle parked in the Bolles Circle area in Austin. The officers were in the area because they had received information, from a source not specified at trial, that a certain stolen car had been seen there at some time also not specified at trial. The officers knew the car they sought had been officially reported stolen, and they knew its license plate number, but the only description they had for it was "brown, two-door Chevy." The officers were also aware that a police department offense report had concluded, based on information again not specified at trial, that appellant might be in possession of the stolen car.

After waiting about five minutes, the officers and their informant observed a car approaching that matched the description they had for the stolen car. A conclusive identification was not possible at that point, because the approaching car's license plates were obscured by "dealer tags." As the car passed by, however, the informant stated, "There goes Bobby Faglie.... That's a stolen car, and he's got dope and a gun."[1] The officer who was driving the police vehicle quickly maneuvered it into the path of appellant's car and momentarily blocked it. The other officer then leaned out of an open window, held up his police badge, and shouted "Police officer!" directly at appellant, who was only a few feet away. Undeterred by this show of authority, appellant used his vehicle to ram the police vehicle, and then sped away. The officers and their informant followed in what became a high-speed car chase through six miles of north Austin in rush hour traffic, a chase that ended only when appellant's car collided with a third car at an intersection. As soon as his car stopped, appellant, with gun in hand, fled on foot, followed closely by the officers. One of the officers apprehended appellant a few minutes later and arrested him "for driving a stolen vehicle." A search incident to arrest revealed two vials of methamphetamine in appellant's shirt pocket. Once appellant was handcuffed, the officers returned to the collision site and confirmed that the car appellant had been driving was the stolen one for which they had been looking.

At trial, appellant sought to suppress the methamphetamine under the Fourth Amendment, arguing that the police officers never had probable cause to arrest him "for driving a stolen vehicle." Pursuant to Tex.Code Cr.P.Ann. art. 38.23(a) (Supp.1988), the trial court instructed the jury as follows:

Any evidence obtained by an officer or other person in violation of any provision of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States shall be disregarded by the Jury.

A person commits the offense of unauthorized use of a vehicle if he intentionally or knowingly operates another's motor-propelled vehicle without the effective consent of the owner.

Now, before you consider the testimony of the State's witnesses concerning the methamphetamine taken from Robert Hugh Faglie you must first find beyond a reasonable doubt from the testimony of [the undercover police officers] concerning their observations on February 4, 1985, their confidential informant's information and the information they had previously received about the stolen car, that [the officers] had probable cause to believe and did believe that Robert Hugh Faglie was committing the felony offense of unauthorized use of a motor vehicle in their presence, and if you do not so find beyond a reasonable doubt, you will disregard such evidence.

*See* Tex.Pen.Code Ann. § 31.07 (1974); *Musgrave v. State*, 608 S.W.2d 184 (Tex.Cr. App.1980).

On original submission, appellant argued *inter alia* that the State's evidence was insufficient to support the jury's implied finding regarding probable cause. This Court rejected the argument on the ground the probable cause issue never should have gone to the jury. *Faglie v. State*, No. 3–85– 082–CR, Oct. 1, 1986 (unpub.). We reasoned that since probable cause clearly existed to arrest appellant for several offenses, probable cause to arrest him for unauthorized use of a motor vehicle was not required. *See United States v. Saunders*, 476 F.2d 5 (5th Cir.1973). Upon appellant's petition for discretionary review, however, the Court of Criminal Appeals, in *Faglie v. State*, No. 1133–86, Jan. 27, 1988 (unpub.), vacated this Court's judgment and remanded the cause for reconsideration of appellant's sufficiency point in light of the rule of *Marras v. State*, 741 S.W.2d 395 (Tex.Cr.App.1987), et al., that the sufficiency of the evidence

---

1. The record is not clear as to precisely when the officers themselves discerned appellant as the driver of the other car, but it is clear that at some point they did.

must be measured in terms of the charge given.

We will do our best, as we must, to comply with this directive. Literal compliance is impossible, however, in light of two serious deficiencies in the charge. First, the charge given did not define "probable cause"[2] or explain to the jury what facts would or would not give rise to probable cause. *See Director General of Railroads v. Kastenbaum,* 263 U.S. 25, 44 S.Ct. 52, 68 L.Ed. 146 (1923); *Jordan v. State,* 562 S.W.2d 472 (Tex.Cr.App.1978); Second, the charge given did not inform the jury at what point probable cause was required.

As noted above, the methamphetamine in question was seized during a search incident to appellant's warrantless arrest. The obvious purpose of the charge given was to require the jury to determine, before considering the evidence, whether the arrest and resulting search were lawful. *See* Tex. Code Cr.P.Ann. art. 14.01(b) (1977). Therefore, this Court will review the testimony of the officers in the light most favorable to the jury's implied finding and determine whether that testimony supports a finding beyond a reasonable doubt that, at the time of appellant's arrest, the officers had probable cause, in the legal sense, that appellant had committed in their presence the offense of unauthorized use of a motor vehicle. Probable cause existed if there were facts and circumstances within the officers' knowledge sufficient to warrant an objectively reasonable belief on the part of a prudent, experienced police officer that appellant probably had committed the offense in question. *Lunde v. State,* 736 S.W.2d 665 (Tex.Cr.App.1987); *see* 1 La-Fave, *Search and Seizure,* §§ 3.1–3.2 (1987). The totality of facts and circumstances is the relevant consideration. *Eisenhauer v. State,* 754 S.W.2d 159 (Tex. Cr.App.1988). "Viewed singly these factors may not be dispositive, yet when viewed in unison the puzzle may fit." *United States v. Davis,* 458 F.2d 819, 821 (D.C.Cir.1972).

The elements of the testimony relevant to our inquiry are those showing that before the arrest, the officers (1) were aware that a "brown, two-door Chevy" had been reported stolen; (2) had information from an unspecified source that the stolen car had been seen in the Bolles Circle area at some time; (3) were aware that an offense report, based upon unspecified information, had linked appellant to the stolen car; (4) had seen appellant driving an automobile matching the description of the stolen one in the Bolles Circle area; (5) had seen that appellant's car had "dealer tags" obscuring its license plates; (6) had heard their informant state that appellant's car was stolen and that appellant was armed; (7) had seen appellant flee and commit numerous offenses after they identified themselves as police officers; and (8) had confirmed the informant's statement that appellant was armed.

It must be conceded that elements (2), (3), and (6) have little weight, since there is no evidence regarding their basis or reliability. *See Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Whitely v. Warden,* 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971). Nevertheless, these elements are similar to anonymous tips and are therefore entitled to *some* weight. We hold that these elements, in combination with the others—especially elements (5) and (7)—are sufficient to support the jury's implicit finding that the officers had probable cause to arrest appellant for unauthorized use of a motor vehicle. When the methamphetamine seized during the search incident to that arrest is considered, there is ample evidence to sustain the verdict of guilt.

The judgment of conviction is affirmed.

---

**2.** The record does reflect, though, that the prosecutor, in his summation, told the jury probable cause meant "reasonable belief."