[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 30, 2011
JOHN LEY
CLERK

No. 11-10095
Non-Argument Calendar

_____

D.C. Docket No. 3:10-cr-00040-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CALEB ANDREW GLOVER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 30, 2011)

Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

On December 13, 2009, Chuwan Boros, an officer of the DeFuniak Springs, Florida Police Department was surveilling a Toyota truck in the Wal Mart parking lot because its owner, Caleb Andrew Glover, the defendant, was suspected of being involved in the robbery of a Winn Dixie pharmacy two days earlier. Boros checked the truck's registration and discovered that although at some point in the past the truck had been registered, the registration had been "cancelled," meaning that it was not registered to anyone. And the truck did not sport a valid license tag. When Glover exited the Wal Mart with his wife and younger brother and drove away in the truck, Boros followed and initiated a traffic stop. After obtaining Glover's identification, Boros gave Glover a traffic citation for operating his truck without a tag in violation of Fla. Stat. Ann. § 320.07(3).[1] Boros noted on the citation that this was a criminal offense requiring a court appearance. Boros also cited Glover for having no proof of insurance, in violation of § 316.646(1), and failure to produce proof of registration, in violation of § 320.0605 (neither a criminal offense).

Boros arrested Glover and placed him in the back seat of his patrol car.

---

[1] Section 320.07(3), Florida Statutes, states, in pertinent part: "Any person whose motor vehicle . . . registration has been expired for more than 6 months, upon a second or subsequent offense, commits a misdemeanor of the second degree."

Since Glover's wife was unable to drive[2] and his brother was a juvenile, Boros and Lt. David Krika, Boros's supervisor who had arrived on the scene, impounded the truck. A partial inventory search conducted at the scene pursuant to the police department's inventory policy yielded a white mask similar to the mask worn by the Winn Dixie robber, a loaded machine gun and ammunition. A subsequent search conducted at the impoundment lot pursuant to a search warrant uncovered two firearms, ammunition, controlled substances, and items apparently connected with the robbery.

A federal grand jury indicted Glover for the Winn Dixie robbery and five other offenses based on the evidence seized in the above searches. Glover moved the district court to suppress such evidence, contending that his arrest was unlawful because Boros lacked cause to believe that his violation of § 320.07(3) was a criminal offense[3]; hence, he could not detain him and his truck could not be searched either at the scene or at the impoundment lot. The Government, in response, argued that the arrest was lawful—that it was inconsequential that Boros's citation was for a non-criminal offense because Boros had probable cause

---

[2] Glover's wife, on getting out of the truck, told Boros that she was an epileptic and sensitive to flashing lights.

[3] Boros had no information that Glover's expired registration was "a second or subsequent offense." See supra note 1.

3

to arrest Glover for violating § 320.02(1),[4] a misdemeanor of the second degree,[5] by driving an unregistered vehicle.

The district court denied Glover's motion to suppress. Glover thereafter stood trial and the jury convicted him of five of the six offenses charged in the indictment: Count One, robbery in violation of 18 U.S.C. § 1951; Count Two, using a firearm while committing the robbery in violation of 18 U.S.C. § 924(c)(1); Count Three, possession of controlled substances with intent to distribute in violation of 21 U.S.C. § 841(a); Count Five, possession of a machine gun in violation of 18 U.S.C. §§ 922(o), 924(a)(2); Count Six, possession of an unregistered machine gun in violation of 26 U.S.C. §§ 15841, 5861(d), 5871. After he was sentenced,[6] Glover took this appeal.

Glover seeks the vacation of his convictions on the ground that the district court erred in denying his motion to suppress. He maintains that, because he

---

[4] Section 320.02(1), Florida Statutes Annotated, states, in pertinent part:

every owner . . . of a motor vehicle that is operated or driven on the roads of this state shall register the vehicle in this state. The owner . . . shall apply to the department . . . for registration . . . on a form prescribed by the department. A registration is not required for any motor vehicle that is not operated on the roads of this state during the registration period.

[5] Section 320.57, Florida Statutes Annotated, makes the violation of § 320.02 a second degree misdemeanor.

[6] The district court sentenced Glover to concurrent prison terms of 70 months on Counts One, Three, Five and Six and a consecutive 60 months' term on Count Six.

initially was cited under Fla Stat. Ann. § 320.07(3), a non-criminal violation, because his truck did not display a license tag, Boros had no lawful basis to place him under arrest, despite the fact that his citation was later changed to reflect a violation of § 320.02(1), a criminal violation for driving an unregistered vehicle. He maintains, moreover, that the inventory search of his truck violated his rights under the Fourth and Fourteenth Amendments because the impoundment was not a reasonable necessity and the police did not abide with standard police procedures.

## I.

We review a district court's denial of a motion to suppress as a mixed question of law and fact. *United States v. Spoerke*, 568 F.3d 1236, 1244 (11th Cir. 2009). Rulings of law are reviewed *de novo*, while the district court's findings of fact are reviewed for clear error. Factual findings are reviewed in the light most favorable to the prevailing party in the district court. *Id*.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. A warrantless arrest without probable cause violates the Fourth Amendment. *United States v. Lyons,* 403 F.3d 1248, 1253 (11th Cir. 2005). Probable cause to arrest exists when a police officer has a reasonable belief that a suspect committed or was committing a crime, based upon

5

facts and circumstances within their knowledge. *United States v. Gonzalez,* 969 F.2d 999, 1002 (11th Cir. 1992).

"For probable cause to exist, an arrest must be objectively reasonable based on the totality of the circumstances." *United States v. Street*, 472 F.3d 1298, 1305 (11th Cir. 2006) (quotation and ellipsis omitted). "The officer's own subjective opinions or beliefs about probable cause are irrelevant, because it is an objective standard." *Id.* "Along with reliable or corroborated tips, the observations and experiences of the law enforcement officers working a case must be weighed as a part of the totality of the circumstances that might create probable cause for an arrest." *Gonzalez*, 969 F.2d at 1003. "When an officer makes an arrest, which is properly supported by probable cause to arrest for a certain offense, neither his subjective reliance on an offense for which no probable cause exists nor his verbal announcements of the wrong offense vitiates the arrest." *United States v. Saunders*, 476 F.2d 5, 7 (5th Cir. 1973).

Florida state law requires that "every owner or person in charge of a motor vehicle that is operated or driven on the roads of this state shall register the vehicle in this state. . . . A registration is not required for any motor vehicle that is not operated on the roads of this state during the registration period." Fla. Stat. Ann. § 320.02(1). The district court did not err in denying Glover's motion to suppress

the evidence recovered from his vehicle based on his allegedly unlawful arrest. Although Officer Boros initially cited Glover under § 320.07(3) for driving without a tag, at the time of traffic stop he had sufficient probable cause to support Glover's arrest for a second degree misdemeanor. Glover was driving a vehicle not registered as required by § 320.02(1); in fact, the registration had been cancelled.

## II.

"The Fourth Amendment generally requires police to secure a warrant before conducting a search." *Maryland v. Dyson*, 527 U.S. 465, 466, 119 S.Ct. 2013, 2014, 144 L.Ed.2d 442 (1999). The Supreme Court has held that inventory searches, conducted pursuant to an established procedure, but without a warrant, on legally impounded vehicles are valid under the Fourth Amendment. *South Dakota v. Opperman*, 428 U.S. 364, 372-73, 96 S.Ct. 3092, 3098-99, 49 L.Ed.2d 1000 (1976). In *Colorado v. Bertine*, the Supreme Court further explained that "[n]othing . . . prohibits the exercise of police discretion [in deciding to impound a vehicle,] so long as that discretion is exercised according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity." 479 U.S. 367, 375, 107 S.Ct. 738, 743, 93 L.Ed.2d 739 (1987). Even if an arrestee's vehicle is not impeding traffic or otherwise presenting a hazard, police

7

officers may impound a vehicle, but the decision to impound a vehicle must be made in good faith, based upon standard criteria, and not solely based upon "suspicion of evidence of criminal activity." *Sammons v. Taylor*, 967 F.2d 1533, 1543 (11th Cir. 1992) (involving a 42 U.S.C. § 1983 action for damages for unlawful impoundment and search of vehicle).  Additionally, if law enforcement officials have the authority to conduct a valid impoundment, they are not constitutionally required to permit an arrestee to make an alternative disposition of his vehicle. *Id.*

Furthermore, inventory searches, in accordance with police policy administered in good faith, are also permissible. *Bertine*, 479 U.S. at 374, 107 S.Ct. at 742.  An inventory search permits a thorough search of property lawfully in police custody, as long as that search is consistent with the police caretaking function. *United States v. O'Bryant*, 775 F.2d 1528, 1534 (11th Cir. 1985).  In this context, "the legitimacy of the search . . . turns on its reasonableness in light of the community caretaking functions that allow inventory searches. . . . [T]he reasonableness of the inventory search depends on the particular facts and circumstances." *United States v. Laing*, 708 F.2d 1568, 1571 (11th Cir. 1983) (internal citation omitted).  A warrantless inventory search of an automobile made "pursuant to standard police procedures" and for the purpose of "securing or

protecting the car and its contents" is a reasonable police intrusion that does not offend Fourth Amendment principles. *Opperman*, 428 U.S. at 372-73, 96 S.Ct. at 3098-99. The Supreme Court had identified three distinct interests that justify the inventory search of an automobile: (1) protection of the owner's property while it remains in police custody; (2) protection of the police against claims or disputes over lost or stolen property; and (3) protection of the police from potential danger. *Id.* at 369, 96 S.Ct. at 3097. "An inventory search is not a surrogate for investigation, and the scope of an inventory search may not exceed that necessary to accomplish the ends of the inventory." *United States v. Khoury*, 901 F.2d 948, 958 (11th Cir. 1990). We have held that "the mere expectation of uncovering evidence will not vitiate an otherwise valid inventory search." *United States v. Roberson*, 897 F.2d 1092, 1096 (11th Cir. 1990) (quotation omitted). The government has the burden to show the requirements of an inventory search have been met. *Sammons*, 967 F.2d at 1543 (citation omitted).

The district court correctly held that the officers' decision to impound Glover's truck was valid and based on the police department's written policies because the officers had no viable alternative to impoundment. Moreover, because officers had the authority to impound Glover's vehicle, the subsequent warrantless inventory search of his vehicle also was valid.

AFFIRMED.