[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13198
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cv-00228-RBD-KRS

JENNIFER R. ARNOLD ROGERS,

Plaintiff - Appellant,

versus

CITY OF ORLANDO, FLORIDA,
a Municipal corporation,
RUDY RODRIGUEZ,
in his individual capacity,

Defendants - Appellees,

JABIEL M. HERNANDEZ,
in his individual capacity,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 1, 2016)


Before JORDAN, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

This case arises out of attorney Jennifer Arnold-Rogers's arrest by Orlando police officer Rudy Rodriguez.  Arnold-Rogers sued Rodriguez and the City of Orlando under 42 U.S.C. § 1983, alleging that the arrest violated her constitutional rights.  She claims that Rodriguez violated her Fourth Amendment rights in two ways when he arrested her: (1) without probable cause and (2) inside her home without a warrant.  She also contends that the City should be held liable for the unconstitutional arrest because Rodriguez acted pursuant to a City policy or custom.

With respect to Arnold-Rogers's claim that Rodriguez violated her constitutional rights by arresting her without probable cause, the district court granted summary judgment to Rodriguez because the undisputed evidence showed there was probable cause to arrest Arnold-Rogers.  The district court also granted summary judgment in favor of the City because Arnold-Rodriguez failed to show

2

that the City had a policy or custom of making warrantless arrests inside citizens' homes.  On appeal, Arnold-Rogers argues that the district court should not have granted summary judgment on these claims.  Because there was probable cause for the arrest and because there was no evidence that the City had adopted a policy or custom of conducting warrantless arrests inside homes, we affirm the district court's grant of summary judgment to Rodriguez on the probable cause claim and to the City on the municipal liability claim.

Arnold-Rogers's claim that Rodriguez violated her constitutional rights by arresting her inside her home without a warrant went to trial, where the jury found that the arrest occurred outside of Arnold-Rogers's home.  The district court entered judgment in favor of Rodriguez.  On appeal, Arnold-Rogers contends that she is entitled to a new trial because the district court: made erroneous evidentiary rulings, should have allowed her to reopen her case to cross-examine Rodriguez, and gave an erroneous jury instruction.  Because we conclude that Arnold-Rogers is not entitled to a new trial, we affirm the district court on this claim as well.

3

## I.    BACKGROUND

### A.    The Arrest

Rodriguez and another officer, Jabiel Hernandez, responded to a 911 call placed by Berghuis's wife, Jessica Wood.[1]  Berghuis and Wood told the officers that while Wood was driving with Berghuis as a passenger, they encountered Arnold-Rogers in her car.  Berghuis and Wood reported that Arnold-Rogers bumped her car into Wood's vehicle.  When Berghuis exited the vehicle to check for damage, Arnold-Rogers also came out of her vehicle and pushed Berghuis several times.

The officers then questioned Arnold-Rogers at her apartment.  She denied touching Berghuis.  Hernandez described Arnold-Rogers as belligerent and intoxicated during the conversation.  After the officers reported to Berghuis that Arnold-Rogers denied anything had happened, he decided to press charges.

The officers then had Berghuis and Wood prepare sworn statements describing the incident in more detail.  In his statement, Berghuis explained that Wood was driving when they came upon Arnold-Rogers's car stopped in a parking lot.  After Wood drove around the car, Arnold-Rogers nudged Wood's car with her

---

[1] Because Arnold-Rogers appeals the district court's summary judgment rulings that (1) Rodriguez was entitled to qualified immunity with respect to Arnold-Rogers's claim that he arrested her without probable cause and (2) the City was entitled to summary judgment, we view the evidence related to those claims in the light most favorable to Arnold-Rogers, the non-movant. *See Valderrama v. Rousseau*, 780 F.3d 1108, 110 n.1 (11th Cir. 2015).  We note that the material facts regarding these claims are not in dispute.

vehicle.  At that point, Berghuis and Arnold-Rogers exited their vehicles.  Arnold-Rogers then shoved Berghuis while yelling obscenities at him.  When Berghuis tried to return to Wood's car, Arnold-Rogers followed him.  Once Berghuis was sitting in the car, Arnold-Rogers blocked the car door, reached into the car, and pushed Berghuis two more times.[2]

After taking the written statements, the officers returned to Arnold-Rogers's apartment.  Rodriguez claims that he asked—but never ordered—Arnold-Rogers to come outside, and she voluntarily complied.  When Arnold-Rogers came outside, Berghuis identified her for the officers.  Rodriguez then arrested her for burglary and battery.

Arnold-Rogers recounts her arrest differently.  She claims that when the officers returned for a second time, Rodriguez ordered her to come out of her home.  When she refused, Rodriguez reached inside, grabbed her arm, and yanked her outside.  Arnold-Rogers claims Rodriguez then slammed her into a banister before placing her under arrest.  Although the parties disagree about whether Arnold-Rogers voluntarily left her home or whether Rodriguez entered her home to arrest her, they agree that Officer Rodriguez made a warrantless arrest.

Arnold-Rogers spent the night in jail.  The next day, at her initial appearance, the state court judge dismissed the burglary charge for lack of

---

[2] Wood's statement set forth a similar description of the incident.

5

probable cause.  Arnold-Rogers then posted bond and was released from jail.  The State Attorney's Office declined to prosecute the battery charge.

### B.    Procedural History

Arnold-Rogers sued Rodriguez and the City in state court.[3]  She brought federal claims under 42 U.S.C. § 1983 against Rodriguez and the City alleging Rodriguez violated her Fourth Amendment rights when he arrested her.  She also brought state law claims against Rodriguez for false arrest and malicious prosecution as well as a state law claim against the City for false arrest.[4]  The defendants removed this case based on federal question jurisdiction.

After discovery, the defendants moved for summary judgment.  With respect to the § 1983 claim, Rodriguez argued that he was entitled to qualified immunity because he had probable cause to arrest Arnold-Rogers for battery and burglary.  The City contended it was entitled to summary judgment on the § 1983 claim because there was no constitutional violation, but even if there was a constitutional

---

[3] Arnold-Rogers originally brought claims against Hernandez, the other officer present when she was arrested, as well.  But she voluntarily dismissed the claims against Hernandez.

[4] Arnold-Rogers also brought a claim against Rodriguez for intentional infliction of emotional distress.  The district court granted summary judgment on the basis that she had failed to come forward with evidence showing Rodriguez's conduct was outrageous.  Arnold-Rogers presents no argument on appeal that the district court erred in granting summary judgment on this claim.

violation Arnold-Rogers failed to establish that Rodriguez had acted pursuant to a policy or custom of the City.[5]

Arnold-Rogers opposed the summary judgment motion. With respect to the § 1983 claim, she put forth two theories of how Rodriguez had violated her Fourth Amendment rights: (1) by arresting her without probable cause and (2) by entering her home to make a warrantless arrest when Arnold-Rogers had not consented and there were no exigent circumstances. She argued that the City was not entitled to summary judgment because Rodriguez had arrested her pursuant to a City policy or custom of arresting individuals in their homes without warrants absent exigent circumstances or consent.[6]

The district court granted Rodriguez's motion in part and the City's motion in full. The court explained that as a matter of the law, Rodriguez had probable cause to arrest Arnold-Rogers for burglary based on Wood and Berghuis's statements that Arnold-Rogers had reached into the car and pushed Berghuis several times all while blocking the car door so that Berghuis could not close it.[7] But the court concluded there was a disputed issue of material fact about whether

---

[5] The defendants also argued they were entitled to summary judgment on the false arrest and malicious prosecution state law claims because Rodriguez had probable cause for the arrest.

[6] Arnold-Rogers also asserted that the defendants were not entitled to summary judgment on the state law claims for the same reasons.

[7] Under Florida law, the crime of burglary is defined to include "[e]ntering . . . a conveyance with the intent to commit an offense therein, unless the . . . defendant is licensed or invited to enter." Fla. Stat. § 810.02(1)(b)(1). A motor vehicle is a conveyance. *Id.* § 820.011(3).

Rodriguez had entered Arnold-Rogers's home to make the arrest. Because it was clearly established that an individual has a right to be free from a warrantless arrest in her home absent consent or exigent circumstances, the court denied Rodriguez qualified immunity on Arnold-Rogers's warrantless arrest theory. Accordingly, the district court granted summary judgment to Rodriguez on the § 1983 claim with respect to the probable cause theory but not the warrantless arrest theory.

The district court granted summary judgment to the City on the § 1983 claim because, even if there was a constitutional violation, Arnold-Rogers had failed to show that the constitutional violation occurred pursuant to a City policy or custom. The court granted summary judgment on the state law false arrest and malicious prosecution claims because Rodriguez had probable cause to arrest Arnold-Rogers.

The case proceeded to trial to determine whether Rodriguez had entered Arnold-Rogers's home and forcibly removed her. After a two-day trial, the jury found in favor of Rodriguez. The district court then entered final judgments in favor of the defendants. This is Arnold-Rogers's appeal.

## II.    STANDARDS OF REVIEW

Several standards of review govern this appeal. First, we review the district court's grant of summary judgment *de novo*. *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318 (11th Cir. 2012). We must "draw all inferences and review[] all evidence in the light most favorable to the non-moving party." *Id.*

8

(alteration in original) (internal quotation marks omitted).  Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

Second, "[w]e review a district court's evidentiary rulings for abuse of discretion.  *Burchfield v. CSX Transp., Inc.*, 636 F.3d 1330, 1333 (11th Cir. 2011) (internal quotation marks omitted).  But "we will not overturn an evidentiary ruling unless the moving party establishes a substantial prejudicial effect."  *Id.* (internal quotation marks omitted).  To satisfy this standard, the moving party must "demonstrat[e] that the error probably had a substantial influence on the party's verdict."  *Id.* (internal quotation marks omitted).

Third, we review a district court's ruling on a motion to reopen evidence for abuse of discretion.  *See Lundgren v. McDaniel*, 814 F.2d 600, 607 (11th Cir. 1987).

Fourth, we review jury instructions "*de novo* to determine whether they misstate the law or mislead the jury to the prejudice of the objecting party."  *Conroy v. Abraham Chevrolet-Tampa, Inc.*, 375 F.3d 1228, 1233 (11th Cir. 2004) (internal quotation marks omitted).  If the instructions accurately reflect the law, "the district court has wide discretion as to the instructions' style and wording."  *Id.* We can grant a new trial based on jury instructions only if "we are left with a substantial and ineradicable doubt as to whether the jury was properly guided in its

9

deliberations." *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1196

(11th Cir. 2004) (internal quotation marks omitted).

## III.    ANALYSIS

### A. The District Court's Partial Grant of Summary Judgment to Rodriguez Regarding the Existence of Probable Cause

Arnold-Rogers argues that the district court erred when it granted summary

judgment to Rodriguez on the basis of qualified immunity with respect to Arnold-

Rogers's § 1983 claim that Rodriguez violated her Fourth Amendment rights by

arresting her without probable cause.  Because Berghuis and Wood's statements

would cause a reasonably prudent person to believe that Arnold-Rogers had

committed the offense of battery, Rodriguez had probable cause to arrest her.

Thus, the district court properly granted summary judgment.[8]

---

[8] The district court granted summary judgment on the ground that Rodriguez had probable cause to arrest Arnold-Rogers for burglary without addressing whether there was probable cause to arrest her for battery.  Nonetheless we may affirm if Rodriguez had probable cause to arrest for battery because "we may affirm for any reason supported by the record, even if not relied on by the district court." *Cochran v. U.S. Health Care Financing Admin.*, 291 F.3d 775, 778 n.3 (11th Cir. 2002).  Importantly, if Rodriguez had probable cause to arrest Arnold-Rogers for battery, he was authorized to make a full custodial arrest and there was no constitutional violation.  *See Lee*, 284 F.3d at 1196 ("When an officer lawfully arrests an individual for the commission of a crime, no matter how minor the offense, the officer is entitled under controlling Supreme Court precedent to effectuate a full custodial arrest."); *United States v. Saunders*, 476 F.2d 5, 7 (5th Cir. 1973) ("When an officer makes an arrest, which is properly supported by probable cause to arrest for a certain offense, neither his subjective reliance on an offense for which no probable cause exists nor his verbal announcement of the wrong offense vitiates the arrest.").

Decisions of the former Fifth Circuit rendered prior to close of business on September 30, 1981 are binding on this Court. *See Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

"Title 42 U.S.C. § 1983 provides a cause of action against '[e]very person who, under color of any statute of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (alterations in original) (quoting 42 U.S.C. § 1983).  But qualified immunity "offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Vinyard v. Wilson,* 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  "The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation . . . ." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002).

To be entitled to qualified immunity, a government official first must prove that he was acting within the scope of his discretionary authority when the allegedly wrongful act occurred.  *Id.*  Then, the burden shifts to the plaintiff to show that "(1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004).  There is no dispute here that Rodriguez was acting within his discretionary authority when he arrested

Arnold-Rogers.  Accordingly, we must consider whether Rodriguez violated Arnold-Rogers's Fourth Amendment rights when he arrested her.

Under the Fourth Amendment, "[a] warrantless arrest is constitutionally valid only when there is probable cause to arrest."  *Holmes v. Kucynda*, 321 F.3d 1069, 1079 (11th Cir. 2003).  An officer has probable cause to arrest "if the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense."  *Williamson v. Mills*, 65 F.3d 155, 158 (11th Cir. 1995).[9]  Probable cause does not require the same "standard of conclusiveness and probability as the facts necessary to support a conviction."  *Lee*, 284 F.3d at 1195 (internal quotation marks omitted).  In deciding whether probable cause exists, arresting officers "are not required to sift through conflicting evidence or resolve issues of credibility, so long as the totality of the circumstances present a sufficient basis for believing that an offense has been committed."  *Dahl v. Holley*, 312 F.3d 1228, 1234 (11th Cir. 2002); *see also Rankin v. Evans*, 133 F.3d 1425, 1441 (11th Cir. 1998) ("Generally, an officer is entitled to rely on a victim's criminal complaint as support for probable cause.")

---

[9] Arnold-Rogers argues that an officer can rely on a victim's statement only when "there are no circumstances that raise doubts on the victim's veracity."  Appellant's Br. at 10.  We disagree.  We have made clear that in assessing probable cause an officer may rely on evidence that is "reasonably trustworthy."  *Williamson*, 65 F.3d at 158.

12

"To receive qualified immunity protection, an officer need not have actual probable cause but only arguable probable cause." *Holmes*, 321 F.3d at 1079 (internal quotation marks omitted). "Arguable probable cause exists where reasonable officers in the same circumstances and possessing the same knowledge as the Defendant could have believed that probable cause existed to arrest." *Lee*, 284 F.3d at 1195 (alteration in original).

Rodriguez had probable cause to arrest Arnold-Rogers for battery based on the information he knew at the time of the arrest. Although Arnold-Rogers denied touching Berghuis, Berghuis and Wood provided Rodriguez with sworn statements that Arnold-Rogers shoved Berghuis multiple times. Keeping in mind that officers are not required to resolve credibility issues in deciding whether probable cause exists, under the totality of the circumstances there was a sufficient basis for a prudent person to believe that Arnold-Rogers had committed a battery. *See* Fla. Stat § 784.03 ("The offense of battery occurs when a person . . . [a]ctually and intentionally touches or strikes another person against the will of the other . . . .").

Arnold-Rogers nonetheless contends that Rodriguez should not have relied on Berghuis's and Wood's statements to establish probable cause. She contends that a reasonable jury could conclude that Rodriguez should not have relied on their statements to support probable cause because (1) they delayed reporting the incident to police; (2) there was no physical evidence, like paint scratches or dents,

to corroborate their claim that Arnold-Rogers hit Wood's vehicle with her car; (3) Arnold-Rogers, who was a lawyer, denied touching Berghuis; and (4) Berghuis had previously been arrested.

First, Arnold-Rogers asserts that because Berghuis and Wood delayed reporting the incident, their statements that she shoved Berghuis were untrustworthy. But there is no evidence that Berghuis and Wood delayed reporting the incident. Instead, the undisputed evidence reflects that after the incident Wood immediately called the police.

Second, Arnold-Rogers argues that although Berghuis and Wood reported to Rodriguez that she had hit Wood's car, there were no paint scratches or dents on either car. But Berghuis and Wood told the officers that Arnold-Rogers tapped Wood's vehicle; they never claimed that the collision left behind a paint scratch or dent. Accordingly, we see no contradiction here.

Third, Arnold-Rogers claims that because she is a lawyer, after she denied touching Berghuis Rodriguez should not have relied on Berghuis's and Wood's statements. Underpinning this argument is the assumption that an attorney's account of an incident that contradicts the victim's sworn statement always renders the victim's statement insufficiently trustworthy, even if another witness corroborates the victim's report. We have held that officers generally may rely on a victim's report to support probable cause, *see Rankin*, 133 F.3d at 1441, and

14

there is no basis to conclude otherwise simply because Arnold-Rogers is an attorney.

Fourth, Arnold-Rogers argues that Rodriguez could not rely on Berghuis's statement because ten years before the incident Berghuis had been arrested for battery. But she has failed to present any evidence showing that Rodriguez was aware of Berghuis's arrest. In any event, we cannot agree that a victim's sworn statement to law enforcement is not reasonably trustworthy simply because the victim had been arrested in the past, especially when another witness corroborates the victim's statement.

Having considered Arnold-Rogers's arguments, we conclude that no reasonable jury could decide that Wood's and Berghuis's statements were not reasonably trustworthy. Given the totality of the circumstances, Rodriguez had probable cause to arrest Arnold-Rogers for battery and was authorized to make a full custodial arrest. Accordingly, Rodriguez was entitled to qualified immunity with respect to Arnold-Rogers's claim that he violated her Fourth Amendment rights by arresting her without probable cause.[10]

---

[10] Because Rodriguez had probable cause to arrest Arnold-Rogers, we also conclude that the district court did not err in granting summary judgment to Rodriguez on Arnold-Rogers's state law claims for false arrest and malicious prosecution. *See Von Stein v. Brescher*, 904 F.2d 572, 584 (11th Cir. 1990) (explaining that "[u]nder Florida law, probable cause is an affirmative defense to a claim for false arrest and lack of probable cause is an element that must be established in a malicious prosecution case.").

**B. The District Court's Grant of Summary Judgment to the City on Arnold's § 1983 Claim**

Arnold also asserts that the district court erred by granting summary judgment to the City on Arnold-Rogers's § 1983 claim.  Again, we discern no error.

It is well established that the City "cannot be held liable under § 1983 on a *respondeat superior* theory."  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  Instead, "a plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal policy or custom that caused the plaintiff's injury."  *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (internal quotation marks omitted).  Thus, the City "is not automatically liable under section 1983 even if it inadequately trained or supervised its police officers and those officers violated [Arnold-Rogers's] constitutional rights."  *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998).  Instead, a municipality may be held liable under § 1983 for failure to train under "limited circumstances."  *City of Canton v. Harris*, 489 U.S. 378, 387 (1989).  These limited circumstances occur "only where the municipality inadequately trains or supervises its employees, this failure to train or supervise is a city policy, and that city policy causes the employees to violate a citizen's constitutional rights."  *Gold*, 151 F.3d at 1350.

Rodriguez testified in his deposition that he was trained by the City to make warrantless arrests even when the suspect was in his home and there were no

16

exigent circumstances. A reasonably jury could conclude that the City inadequately trained Rodriguez regarding the proper procedures for warrantless arrests because an officer violates the Fourth Amendment by making a warrantless arrest of a person in his home absent exigent circumstances or consent. *See Payton v. New York*, 445 U.S. 573, 589-90 (1980); *McClish v. Nugent*, 483 F.3d 1231, 1238 (11th Cir. 2007) ("The Fourth Amendment . . . does not permit an officer to . . . forcibly remove a citizen from his home [without a warrant] absent an exigency or consent.").

But for the City to be liable, Arnold-Rogers also had to show that the City adopted a policy of failing to adequately train its officers. And Arnold-Rogers made no such showing. On appeal, Arnold-Rogers relies on an Orlando Police Department training bulletin as evidence of a City policy. She points out that the manual instructed officers that in considering whether there were exigent circumstances, which would permit an officer to arrest a person inside her home without a warrant, officers may consider there was probable cause to believe the suspect committed a crime. But Arnold-Rogers never raised this argument in the district court, and we will not consider it for the first time on appeal. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("[A]n issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." (internal quotation marks omitted)).

17

It is true that a plaintiff may prove a municipality had a policy of inadequate training "by showing that the municipality's failure to train evidenced a deliberate indifference to the right of its inhabitants." *Gold*, 151 F.3d at 1350 (internal quotation marks omitted).  A plaintiff establishes deliberate indifference by showing that the municipality knew of its inadequate training yet "made a deliberate choice not to take any action." *Id.*  But Arnold-Rogers points to no evidence showing that the City was aware of its inadequate training and chose to take no action.  Accordingly, we agree with the district court that Arnold-Rogers failed to show that her injury was caused by a policy or custom of the City.

## C. Arnold-Rogers's New Trial Arguments

After the district granted partial summary judgment, the case proceeded to trial on Arnold-Rogers's § 1983 claim that Rodriguez violated her Fourth Amendment rights by arresting her inside her home without a warrant.  Because Rodriguez never asserted that there were exigent circumstances or that Arnold-Rogers consented to him entering the home, the sole factual question at trial regarding liability was whether Rodriguez had entered Arnold-Rogers's home. The jury concluded he had not entered her home and returned a verdict in favor of Rodriguez.  Although Arnold-Rogers never filed any post-trial motions in the district court, she now contends that she is entitled to a new trial because the district court erred (1) in several evidentiary rulings, (2) by refusing to allow her to

18

reopen her case, and (3) by instructing the jury that the court had determined there was probable cause for her arrest.[11]

Arnold-Rogers argues that she is entitled to a new trial because the district court should not have admitted testimony that she had been drinking before her arrest. Although Arnold-Rogers argues that her consumption of alcoholic beverages was irrelevant to the case, we disagree. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence that Arnold-Rogers had been drinking and may have been intoxicated was relevant because it could assist the jury in assessing the accuracy of Arnold-Rogers's memory of the incident. And making such a credibility determination was particularly important in this case because Arnold-Rogers and Rodriguez provided dramatically different accounts of the circumstances during the arrest and where it occurred. Accordingly, we cannot

---

[11] Rodriguez argues that Arnold-Rogers failed to preserve these issues for appeal because she never filed a motion for a new trial in the district court. *See* Appellee's Br. at 23. "That argument might have merit if the issue [Arnold-Rogers] failed to raise . . . was a challenge to the sufficiency of the evidence." *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1316 (11th Cir. 2003). Because Arnold-Rogers raised each of her challenges at trial and does not challenge the sufficiency of the evidence, we conclude that she preserved the issues for appeal. *See id.*

say that the district court clearly abused its discretion when it admitted evidence that Arnold-Rogers had been drinking before her arrest.[12]

Arnold-Rogers also contends she is entitled to a new trial because the district court refused to allow her to reopen her case to give her a second opportunity to cross examine Rodriguez after he presented his case. The district court refused to reopen the case because Arnold-Rogers had already cross examined Rodriguez and she failed to show that the second round of cross examination would rebut any evidence from Rodriguez's case. We cannot say that this was an abuse of discretion.

Arnold-Rogers also asserts that she is entitled to a new trial because the district court erred when it instructed the jury that the court had determined that there was cause to arrest her. At trial, Arnold-Rogers objected to this instruction and instead asked the court give an alternate instruction that it had been determined that there was probable cause for the arrest. Arnold-Rogers's argument appears to

---

[12] Arnold-Rogers argues she is entitled to a new trial because the district court made two other evidentiary errors. First, she contends the district court erred by admitting into evidence a composite exhibit consisting of police records related to the arrest and the written statements from Berghuis and Wood. But Arnold-Rogers offers no argument how the admission of the exhibit prejudiced her and thus cannot show that she is entitled to a new trial. *See Adams v. Austal, U.S.A., L.L.C.*, 754 F.3d 1240, 1259 (11th Cir. 2014).

Second, she contends that the district court erred when it excluded evidence regarding Rodriguez's insurance coverage. Even assuming the district court should have allowed the jury to hear testimony that Rodriguez had some insurance coverage, we cannot say that the exclusion of this testimony, which related only to the issue of damages and not where Rodriguez arrested Arnold-Rogers, was prejudicial. We cannot see how such evidence if admitted would have "had a substantial influence on the jury's verdict" that the arrest occurred outside Arnold-Rogers's home. *Burchfield*, 636 F.3d at 1333.

be that the instruction was misleading because the jury should not have been informed that the *court* made the determination there was probable cause.  But this instruction was appropriate because after Arnold-Rogers argued to the jury that there was no probable cause for the arrest, the court needed to clarify for the jury that probable cause was not at issue.  We cannot see how the instruction that the court made the probable cause determination creates any doubt—let alone a substantial and ineradicable one—that the jury had been properly guided.  *See Cleveland*, 369 F.3d at 1186.  Accordingly, Arnold-Rogers is not entitled to a new trial based on the jury instructions.

## IV.  CONCLUSION

For the foregoing reasons, we affirm the district court's judgments in favor of Rodriguez and the City.

**AFFIRMED.**